UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES ex rel PAUL CAIRNS, et al., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:12CV00004 AGF |
| D.S. MEDICAL LLC, MIDWEST FAMILY CARE, LLC, and MIDWEST NEUROSURGEONS, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This qui tam action in which the United States intervened, is brought under the False Claims Act, 31 U.S.C. § 3729-33. The United States claims that Defendants violated the False Claims Act by submitting to the United States claims for payment that were false because they violated the federal criminal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b). The matter is now before the Court on Defendants' motion for a determination by the Court as to what burden of proof will govern this case, and more specifically, for a determination that the United States must prove the underlying Anti-Kickback Statute violation beyond a reasonable doubt, or at least by clear and convincing evidence. The United States argues that the preponderance of the evidence standard applies.

In order to establish a violation of the False Claims Act, a plaintiff must show that: (1) there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due. *United States ex rel. Longhi v. Lithium Power Tech. Inc.*, 575 F.3d 458, 467 (5th Cir. 2009) (citing *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). Section 3731(d) of the False Claims Act provides that the United States must "prove all essential elements of the cause of action, including damages, by a preponderance of the evidence." 31 U.S.C. § 3731(d).

This Court will follow the rulings of other district courts that have applied the preponderance of evidence standard to False Claims Act claims based on violations of the Anti-Kickback Statute. *See United States v. Campbell,* No. 08-1951, 2011 WL 43013, at *5 (D.N.J. Jan.4, 2011); *United States v. Rogan,* 459 F.Supp.2d 697, 716 n.12 (N.D. Ill. 2006) (noting that "the criminality of predicate offenses in an underlying statute . . . does not mandate a higher burden of proof in a civil case"); s*ee also Sidema, S.P.R.L v. Imrex Co.,* 473 U.S. 479, 491 (1985) (applying a preponderance standard in a civil RICO case predicated on violations of criminal statues, explaining that "[i]n a number of settings, conduct that can be punished as criminal only upon proof beyond a reasonable doubt will support civil sanctions under a preponderance standard").

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for a determination that the United States must prove beyond a reasonable doubt or by clear and convincing evidence that Defendants violated the Anti-Kickback Statute is **DENIED**. (Doc. No. 66.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of November, 2014.