UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel PAUL CAIRNS, et al., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:12CV00004 AGF ) |
| D.S. MEDICAL LLC, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This *qui tam* action in which the United States intervened, is brought under the False Claims Act ("FCA"), 31 U.S.C. § 3729-33. The United States claims that Defendants violated the FCA by submitting to the United States claims for payment that were false because they violated the federal criminal Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b(b).[1] The case involves an alleged scheme whereby Defendants treated patients with spinal implant devices in exchange for illegal monetary payments from the device manufacturers, and thereafter submitted and/or caused to be submitted false claims to Medicaid and Medicare in violation of federal law. Defendants now move (Doc. No. 62) to strike certain portions of the Complaint in Intervention, under Federal Rule of

---

[1] Pursuant to an Order entered on October 6, 2014 (Doc. No. 75), this was stayed for six months, with the exception of certain pending motions, including Defendants' present motion to strike.

Civil Procedure 12(f), which permits a court to strike "any redundant, immaterial, impertinent, or scandalous matter."

Defendants move to strike five portions of the Complaint in Intervention: Paragraph 10, which sets forth the legal citations and legislative history of the AKS; Paragraphs 46-49, which detail certain business operations of Defendant D.S. Medical LLC; Paragraph 55 through the first sentence of Paragraph 58, regarding a dispute between Defendants and a manufacturer of medical implants; Paragraphs 62-64 and Paragraph 66, detailing statements made concerning the frequency with which Defendant Sonjay Fonn, M.D., utilized spinal implants with his patients; and a portion of Paragraph 9, which states that no proof of specific intent is required to show "knowledge" under the FCA.

Federal Rule of Civil Procedure 12(f) grants courts discretion to strike any matter it finds redundant, immaterial, impertinent, or scandalous. While the language of Rule 12(f) is permissive, striking a party's pleadings is considered an extreme measure and one not frequently granted. *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citing *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). None of the challenged portions of the Complaint in Intervention are sufficiently improper to necessitate striking.

First, the legislative history of the AKS is relevant in providing context for the government's claims. As Defendants' motion to strike fails to identify specific language that is inaccurate, there is insufficient justification for striking Paragraph 10. Further,

2

Defendants' business operations and division of responsibilities are potentially material to whether any violations of the AKS occurred, and neither Paragraphs 46-49 nor Paragraphs 55-58 contain any language so scandalous that striking is justified. Moreover, the utilization patterns of spinal implants may be material to detailing Defendants' alleged kickback scheme. While the statements in Paragraphs 62-64 and 66 may not be necessary components of the Complaint in Intervention, this does not justify striking them. Finally, as the United States' action was brought under the FCA, the knowledge requirements of the statute, set forth in Paragraph 9, are relevant to the case. While the Court will not give undue regard to any portion of the Complaint in Intervention, neither will it strike material from it without strong justification for doing so.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike portions of the Complaint in Intervention is **DENIED**. (Doc. No. 62.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of January, 2015.