UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| ex rel. PAUL CAIRNS, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12CV00004 AGF |
| | ) | |
| D.S. MEDICAL, L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This qui tam action is before the Court on Defendant Dr. Sonjay Fonn's motion (Doc. No. 133) to compel a Privilege Log. At issue are interviews conducted by the government in connection with its investigation of the current case. The qui tam complaint was filed on January 5, 2012, alleging violations of the False Claims Act. The government conducted a joint criminal/civil investigation that resulted in a criminal case and the present civil case against the same Defendants. On June 30, 2014, the government filed its notice of intention to intervene in this case. Defendant Fonn now seeks a privilege log that will identify who was interviewed, by whom they were interviewed, and when each interview took place, during the government's investigation of the case. Defendant argues that he needs such a log to enable him to determine if there is a basis to seek production of any particular reports of interviews or related documents, discovery which might not be precluded by the work-product or investigative privileges, both of which are only qualified privileges.

The government argues that such a log is itself protected by the work-product doctrine, because disclosing the identities of the individuals interviewed and who conducted the interviews would disclose information about the government's mental impressions, legal theories, and strategies in the case. In support of this position, the government has submitted the affidavit of one of the Assistant United States Attorneys involved in the criminal case against Defendants that was also based on the qui tam complaint. She attests that all the interviews conducted by the government during the joint investigation of the criminal and civil cases were conducted "in anticipation of litigation."

It is undisputed that the government has already disclosed through its various Rule 26 disclosures the names of witnesses, including the names which the government believes to be most knowledgeable and therefore most likely to be a witness at trial or to be deposed.

Rule 26(b)(3) of the Federal Rules of Civil Procedure protects from discovery documents and things prepared by a party or his representative in anticipation of litigation or in preparation for trial. Production of those documents can be compelled only where the seeking party demonstrates a "substantial need" for the materials and an inability to obtain the substantial equivalent of the desired information by other means.

The Court agrees with Defendant that production of the privilege log sought is appropriate. Although there is some contrary authority, courts generally hold that the names and addresses of individuals interviewed by adverse counsel are not protected by

the work product doctrine. *See, e.g., Norflet v. John Hancock Fin. Servs., Inc.*, 2007 WL 433332, at *3 (D. Conn. 2007) (citing cases). Given the initial disclosures made in this case, it is unlikely that the log will disclose the government's litigation strategy to any further degree. And without the log, Defendant will not be able to evaluate which interview reports he believes will be discoverable. Without deciding the issue specific to this case, the Court notes that interview reports such as those involved here have been determined to be discoverable in certain situations. *See, e.g., Cruz v. Kennedy*, No. 97CIV.4001(KMW) (HBP), 1998 WL 689946, at *6 (S.D.N.Y. Sept. 30, 1998). For now, the Court is just being asked to order that the privilege log sought be produced. This is a reasonable request. To the extent the government believes the log will disclose confidential information, an appropriate protective order can be entered.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sonjay Fonn's motion (Doc. No. 133) to compel a privilege log is **GRANTED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2016.