UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>ex rel. PAUL CAIRNS, et al., | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | Case No. 1:12CV00004 AGF |
| D.S. MEDICAL, L.L.C., et al., | )<br>) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This qui tam case is before the Court on Defendant Dr. Sonjay Fonn's motion (Doc. No. 137) to compel production of three PowerPoint presentations made by the government during the course of the joint criminal and civil investigation of the claims against Defendants. For the reasons set forth below, Defendant's motion is granted in part and denied in part.

## BACKGROUND

The claims against Defendants in the present civil case are brought under the False Claims Act, 31 U.S.C. §§ 3729-33, asserting violations of the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), in the context of spinal implant surgeries performed by Dr. Fonn at medical facilities, including Saint Francis Medical Center ("SFMC"), in St. Genevieve, Missouri. The claims are based in part on the alleged overutilization by Dr. Fonn of spinal implant devices.

Two of the PowerPoints at issue were shown to defense counsel before the

government filed criminal charges against Defendants or intervened in the present civil action, in an effort to resolve the allegations against Defendants. The third PowerPoint was presented to SFMC's attorneys, some members of its Board of Directors, and some members of its executive team. Each presentation compiled various documents from the joint investigation, and explored various legal theories and contentions against Defendants and SFMC, respectively. Each presentation was marked as protected by Federal Rule of Evidence 408 (protecting settlement negotiation communications) and/or Federal Rule of Criminal Procedure 11(f) (protecting plea negotiations). Shortly after the SFMC presentation, the hospital reached a civil settlement with the government, and no criminal charges were ever filed against the hospital. Through discovery in this case, Defendants have copies of all of the business records shown in each of the three PowerPoint presentations, as well as a copy of the hospital's settlement agreement.

Dr. Fonn notes that the Eighth Circuit does not recognize a negotiation privilege, and argues that all three PowerPoints discuss Defendants' conduct at issue in this case and are thus relevant and discoverable under the liberal rules of discovery. With respect to the SFMC PowerPoint presentation, Dr. Fonn asserts that evidence that the hospital and some of its employees were under the threat of criminal investigation could go to show bias or prejudice of any of these employees who are called as witnesses by the government in the present case. Thus, the SFMC PowerPoint is discoverable under Federal Rule of Evidence 408 which provides that settlement

2

negotiation material is admissible to prove a witness's bias or prejudice.  Dr. Fonn notes that 22 SFMC employees are listed by the government as prospective witnesses on topics that go to the heart of this case.

With respect to the two PowerPoints shown to Defendants' counsel, in the motion to compel, Dr. Fonn makes a generalized argument that as they discuss Defendants' conduct at issue in this case, they are relevant and discoverable under the liberal rules of discovery embodied in Federal Rule of Civil Procedure 26, and that "a party is not allowed to use Rule 408 as a screen for curtailing [its] adversary's right of discovery."

In response, the government concedes that the Eighth Circuit does not recognize a negotiation privilege, but opposes the motion to compel on the grounds that (1) public policy of encouraging settlement negotiations dictates against requiring disclosure of the PowerPoints, (2) the record does not establish a waiver by the government of work product and negotiation privilege rights, and (3) Dr. Fonn failed to establish the "particularized relevance" of the PowerPoints, especially given that they are cumulative of discovery material he already has.

In his reply, Dr. Fonn adds an argument that at the two PowerPoint presentations to Defendants' counsel, "several federal case agents" who "likely participated in [the PowerPoints] development" were also present.  (Doc. No 141 at 5.)  Dr. Fonn asserts that one of the documents used in the PowerPoint to convince Defendants' counsel that Dr. Fonn overutilized implant devices was not displayed in its entirety, leaving off

exculpatory information. Dr. Fonn argues that this renders the PowerPoints relevant to the "agent witnesses' bias and credibility." He adds that he does not know which other documents may also have only be partially displayed. Thus, "simply having the documents of the PowerPoints presented to defense counsel does not demonstrate the documents which were only shown in part and the created misimpression by such partial display. In other words, the critical issue for challenging the bias and credibility of the government agents and witnesses is only shown through the PowerPoint." *Id.* at 6.

## **DISCUSSION**

Under Federal Rule of Civil Procedure 26(b)(1), litigants may obtain

> discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. Relevancy in this context "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Jo Ann Howard & Associates, P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. 2014).

Here, Dr. Fonn, as the moving party, bears the initial burden of showing that the requested discovery is discoverable within the meaning of Rule 26. *See Cent. States,*

4

*Se. & Sw. Areas Pension Fund v. King Dodge, Inc*., No. 4:11MC00233 AGF, 2011 WL 2784118, at *2 (E.D. Mo. July 15, 2011). "[A]fter the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." *Cincinnati Ins. Co. v. Fine Home Managers, Inc*., No. 4:09CV234-DJS, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010).

Federal Rule of Evidence 408 provides that evidence related to settlement negotiations is not admissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction," but may be admitted for "another purpose, such as proving a witness's bias or prejudice . . . ." Fed. R. Evid. 408 (a) & (b). To the extent Rule 408 impacts the discoverability of negotiation material by imposing a "heightened standard" for showing relevance, *see, e.g., Auto-Owners Ins. Co. v. Mid-Am. Piping, Inc*., No. 4:07 CV 00394, 2008 WL 2570820, at *2 (E.D. Mo. June 26, 2008), the Court concludes that here Dr. Fonn has met this burden with respect to the SFMC PowerPoint. As he argues, disclosure of this PowerPoint might lead to the discovery of admissible evidence of bias or prejudice of certain witnesses. The government has not countered this argument; nor has the government asserted undue burden or what prejudice that would result from producing the SFMC PowerPoint. Furthermore, by voluntarily presenting the PowerPoint to counsel and employees of SFMC, the government has waived any work product

5

privilege that would now protect the PowerPoint from discovery. *See, e.g., Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997).

The Court concludes, however, that Dr. Fonn has not met his burden of showing relevance with respect to the two PowerPoints presented to counsel for Defendants. The Court does not discern any evidence admissible under Rule 408 that disclosure of this negotiation information could lead to, and any relevance is outweighed by its prejudicial impact, given that the PowerPoints were created for and used in connection with settlement negotiations with Defendants.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dr. Sonjay Fonn's motion (Doc. No. 137) to compel production of three PowerPoints is **GRANTED** with respect to the PowerPoint presented to **SMFC** and **DENIED** with respect to the PowerPoints presented to counsel for Defendants.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2016.

6