UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| ex rel. PAUL CAIRNS, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12CV00004 AGF |
| | ) | |
| D.S. MEDICAL, L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on (1) Defendant Dr. Sonjay Fonn's motion for a protective order regarding confidential health information that he subpoenaed from Saint Francis Medical Center ("SFMC") and Regional Brain & Spine, LLC ("RB&S"), and (2) Plaintiff's motion for a protective order forbidding Dr. Fonn from discovery of the documents and information subpoenaed from SFMC.

This is a civil False Claims Act case alleging, *inter alia*, that Dr. Fonn submitted or caused the submission of false claims for reimbursement to the Medicare and Medicaid programs for his surgical services between December 2008 and March 2012. The subpoena to RB&S involves records related to Dr. Fonn's patients and their treatment. The subpoena to SFMC seeks operation reports for all surgeries performed by Dr. Kee Park from February 1, 2008, to June 16, 2008. Counsel for Dr. Fonn, SFMC, and RB&S agreed to the terms of a protective order protecting the confidentiality and use of information and documents to be produced. Plaintiff has

agreed to the proposed protective order as it applies to RB&S. But with respect to the proposed protective order as it would apply to SFMC, Plaintiff moves for a counter protective order that would forbid Dr. Fonn from obtaining the operation reports he seeks.[1] Plaintiff argues that the reports of surgeries performed by Dr. Park are not relevant to a claim or defense in this case. Plaintiff relies on the fact that Dr. Fonn did not identify Dr. Park as a witness, and argues that in addition, Dr. Fonn failed to plead a valid affirmative defense that would place the treatment choices and program reimbursement of another doctor's patients at issue. Plaintiff acknowledges that in its Rule 26 disclosures, it listed Dr. Park as a potential witness and that Dr. Fonn endorsed those disclosures. But Plaintiff argues that it described Dr. Park as likely having knowledge about Dr. Fonn's hiring at SFMC "as well as the allegations of the complaint and evidentiary disclosure submitted by relators in this case." Plaintiff also argues that the subpoena is overbroad and will be burdensome to comply with.

Dr. Fonn responds that the subpoenaed documents will help him establish that Dr. Park used the same procedures as Dr. Fonn, aspects of which gave rise to Plaintiff's claims against Dr. Fonn. Dr. Fonn also points out that as part of its initial disclosures, Plaintiff provided various records related to Dr. Park's surgeries, including records related to the cost of Dr. Park's surgeries and to the number of spinal implants used by him in such surgeries. Dr. Fonn, in turn, disclosed in his initial disclosures some of

---

[1] The Court directed that Plaintiff's opposition be docketed to reflect Plaintiff's affirmative motion for a protective order, as well as its opposition to Dr. Fonn's motion.

those records related to surgeries by Dr. Park.

> Under Federal Rule of Civil Procedure 26(b)(1), litigants may obtain
>
> discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. The party seeking discovery bears the burden of showing relevancy. *Hofer v. Mack Trucks, Inc*., 981 F.2d 377, 380 (8th Cir. 1992). Here, given the nature of Plaintiff's claims against Dr. Fonn, and the discovery requests issued by Plaintiff pertaining to communications and records regarding Dr. Park and Dr. Fonn, and the parties' initial disclosures, the Court concludes that the operation reports at issue are sufficiently relevant for discovery at this juncture. Whether the records will ultimately be admissible will be determined at a later date.

The Court agrees with Plaintiff, however, that the request for records of all surgeries performed by Dr. Park is overbroad. In his opposition to Plaintiff's motion, Dr. Fonn discussed the relevance only of Dr. Park's spinal surgeries, and the subpoena shall be limited to records of patients receiving spinal surgeries.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dr. Sonjay Fonn's motion (Doc. No. 131) for a protective order regarding confidential health information is **GRANTED**

in part and **DENIED** in part, as set forth above.  The proposed protective order will be filed as a Protective Order in this case by separate document.

**IT IS FURTHER ORDERED** that Plaintiff's motion (Doc. No. 134) for a protective order forbidding Dr. Fonn from discovery regarding surgeries performed by Dr. Kee Park from February, 2008, to June 16, 2008, is **DENIED** with respect to spinal surgeries, and **GRANTED** with respect to other surgeries.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2016.