UNITED STATES DISTRICT COURT
SOUTHEASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ex rel. PAUL CAIRNS, et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> D.S. MEDICAL, L.L.C., et al., ) <br> ) <br> Defendants. ) | Case No. 1:12CV00004 AGF |

## **MEMORANDUM AND ORDER**

This qui tam action is before the Court on the Government's motion (Doc. No 164) to compel production of documents withheld by Defendants under the attorney client privilege.

The Government claims in this action that Defendant Dr. Sonjay Fonn and three other Defendants violated the False Claims Act, 31 U.S.C. §§ 3729-33, by submitting or causing to be submitted to the federal Medicare and Medicaid programs false claims for reimbursement for Dr. Fonn's services in performing spinal surgeries between December 2008 and March 2012, and for the purchase of implant devices used in those surgeries. The other three Defendants are Deborah Seeger, with whom Dr. Fonn had a personal relationship at all relevant times, and two corporate entities related to Dr. Fonn and Seeger, respectively. The claims for reimbursement were purportedly false because they were the result of alleged kickbacks that violated the federal criminal Anti-Kickback Statute ("AKS").

On June 1, 2016, Defendants filed notice that while they were not asserting a formal advice of counsel defense, they intended to introduce evidence of communications with counsel on nine listed topics, in an attempt to refute the scienter element of a violation of the AKS. Accordingly, Defendants stated, they were waiving the attorney client privilege with respect to those nine topics, which included, for example, contract negotiations between Seeger and the spinal implant manufacturers/distributors with whom she interacted, and the relationship between Dr. Fonn and the other three Defendants. (Doc. No. 148).

Soon thereafter, the Government served Defendants' counsel (Thompson Coburn LLP and one of its attorneys) with subpoenas for "any documents related to legal advice" provided to any Defendant from January 1, 2008, to March 30, 2012. Similar subpoenas were served on Defendants. On July 28, 2016, Defendants provided the Government with a "Partial Privilege Log" listing 204 items, including undated and vaguely-described emails and memos. (Doc. No. 165-1.) Defendants moved to compel production of the documents in the log, arguing that the limited waiver of the privilege with respect to the nine topics delineated by Defendants was inappropriate, and, in any event, the log (and supplemental log) was inadequate.

As was clarified at oral argument on the Government's motion, despite the broad nature of the production requests, the Government was only seeking documents related to legal advice that was relevant to Defendants' state of mind with regard to the AKS violations that underlie the Government's theory of liability. According to Defendants, the broad language of the requests resulted in a log that was overly inclusive, and so the

Court directed the parties to meet and confer further, and to apprise the Court afterwards if any issues could not be resolved.

Both sides have since filed status reports, notifying the Court that they have made significant progress on this matter, with Defendants producing many of the documents previously withheld. Defendants assert that they have produced all documents related to Defendants' state of mind with regard to the alleged kickbacks, and that this, together with a supplemental privilege log it provided the Government, renders the Government's motion to compel moot. It appears from the record that at this point, approximately ten documents may remain in dispute, and both sides agree that a reasonable course of action would be to submit these documents for the Court's *in camera* review. The Court will follow this suggestion. However, the Court remains hopeful that the parties can resolve this matter in its entirety, and requests that the parties continue to confer and notify the Court within the two-week time frame set forth below if the Government's motion to compel now under consideration may be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall, within seven days of the date of this Memorandum and Order, agree upon which limited number of documents, if any, subject to the motion to compel under consideration, warrant the Court's *in camera*

review, and Defendants shall submit those documents to the Court within 14 days of the date of this Memorandum and Order.

                                                       _____
                                                       AUDREY G. FLEISSIG
                                                       UNITED STATES DISTRICT JUDGE

Dated this 9th day of January, 2017.