UNITED STATES DISTRICT COURT
SOUTHEASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. PAUL CAIRNS, et al., <br><br> Plaintiff, <br><br> vs. <br><br> D.S. MEDICAL, L.L.C., et al., <br><br> Defendants. | Case No. 1:12CV00004 AGF |

## **MEMORANDUM AND ORDER**

This qui tam action is before the Court on Defendant Dr. Sonjay Fonn's motion (Doc. No. 157) to compel production of reports of interviews ("Reports") conducted by the Government before it intervened in this action or filed criminal charges against Defendants based on the allegations in the qui tam complaint. The Government asserted work product protection. By Order dated December 22, 2016 (Doc. No. 213), the Court granted the motion to compel with respect 27 Reports of interviews conducted before the Government intervened in this case, for which the Government's privilege log did not show the name of an Assistant United State Attorney ("AUSA") representing the Government in this case, or in the parallel now-dismissed criminal case against Defendants. The Court denied the motion to compel with respect to 26 Reports of interviews conducted after the Government intervened in the case. This left 15 Reports of interviews conducted before the Government intervened in this case, with which an AUSAs name was associated.

The Court directed the Government to submit those 15 Reports to the Court for its *in camera* review, so that the Court could determine whether they constituted opinion work product (reflecting the opinions, judgments, and thought processes of counsel), and therefore privileged; or fact work product (containing content that had not been "sharply focused or weeded" by counsel, such as substantially verbatim witness statements), and therefore discoverable by Defendants, given Defendants' showing of a substantial need for them.

The 15 Reports have been submitted by the Government and, upon careful review, the Court concludes that none constitute opinion work product. The Reports were all prepared by FBI agents and/or agents of the U.S. Department of Health and Human Services Office of Inspector General who conducted the interviews. The Reports state that the two AUSAs referenced above were present. Six Reports state that the two AUSAs participated in the interview or conducted the interview with the federal agent. However, none of the Reports sufficiently reveal counsel's opinions, judgments, or thought processes to qualify as opinion work product. It is not apparent from any of these Reports who, for example, decided to ask which questions. *See United States ex rel. Landis v. Tailwind Sports Corp.*, 303 F.R.D. 419, 425-26 (D.D.C. 2014) (granting qui tam defendant's motion to compel production of government interview memoranda containing ordinary fact work product where interviews were conducted during criminal investigation of qui tam allegations); *United States v. Clemens*, 793 F. Supp. 2d 236, 252 (D.D.C. 2011) (explaining that notes and memoranda that do not reflect the opinions, judgments, or thought processes of counsel

are ordinary work product and are discoverable if the party seeking discovery has a substantial need for the materials and cannot obtain their substantial equivalent by other means). Thus, disclosure of these Reports is appropriate for the reasons stated in this Court's prior Order of December 22, 2016.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion (Doc. No. 157) is **GRANTED** with respect to the remaining 15 Reports at issue, which the Government shall forthwith provide to Defendants.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of February, 2017.