UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| ex rel. PAUL CAIRNS, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12CV00004 AGF |
| | ) | |
| D.S. MEDICAL, L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This qui tam action under the False Claims Act, 31 U.S.C. §§ 3729-33 ("FCA") is before the Court on Defendants' motion (ECF. No. 219) to strike (1) the November 29, 2016 Declaration of Timothy Minden, Special Agent for the Department of Health and Human Services, Office of the Inspector General, submitted by the government in connection with its motion for partial summary judgment; and (2) portions of the government's Statement of Uncontroverted Material Facts supporting the motion for partial summary judgment, which Defendants assert are irrelevant. For the reasons set forth below, this motion will be denied with respect to the government's Statement of Uncontroverted Material Facts, but granted with respect to Agent Minden's Declaration.

## BACKGROUND

The operative complaint (ECF No. 26) claims that the four Defendants – Dr. Sonjay Fonn, a neurosurgeon; Midwest Neurosurgeons, LLC, a company formed and

operated by Dr. Fonn; Deborah Seeger, Dr. Fonn's fiancée; and D.S. Medical, LLC, a company formed and created by Seeger for the distributorship of spinal implant devices – violated the FCA by submitting or causing to be submitted to the federal Medicare and Medicaid programs false claims for reimbursement for Dr. Fonn's services in performing spinal surgeries at St. Francis Medical Center ("SFMC") in Cape Girardeau, Missouri, between December 2008 and March 2012, and for the purchase of implant devices used in those surgeries. The claims for reimbursement were allegedly false because they did not disclose that they were the result of alleged kickbacks that violated the federal criminal Anti-Kickback Statute ("AKS").

Specifically, the complaint alleges that Dr. Fonn would select the devices he would use during surgeries at SFMC based, at least in part, on the fact that DSM would serve as the local distributor for the manufacturer of those devices. DSM would then be paid commissions by the manufacturers, and DSM and Seeger would in turn share those commissions with Dr. Fonn. The alleged illegal kickbacks are from Seeger and DSM to Dr. Fonn, and from spinal manufacturers to DSM in the form of inflated commissions. Based on the same alleged facts, the complaint also asserts common law claims for payment by mistake, unjust enrichment, and fraud.

Attached to the complaint as exhibits are three charts: "Part A Inpatient Claims" (ECF No. 26-2 at 1-8); "Dr. Sonjay Fonn (Part B Billings)" with the added notation, "Pt B / Pt A Overlaps: Subtotal by patient" (ECF No. 26-2 at 9-17); and "Sonjay Fonn = Attending Phys Medicaid Hospital Claims" (ECF No. 26-2 at 13-17). The Part A chart lists by date, 91 spinal fusion surgeries purportedly performed by Dr. Fonn from

December 2008 through March 2012, and includes a column showing payment amounts made by Medicare Part A in connection with each of these surgeries. The Part B chart list 151 dollar amounts in a column entitled, "SumOfAmt Paid." Other columns are blank.[1]

In its (amended) motion for partial summary judgment, the government seeks an order under Rule 56(g) that essentially holds that Defendants, individually and/or jointly, "arranged," within the meaning of the AKS, for spinal devices to be purchased for 228 surgeries performed by Dr. Fonn, and that Defendants, individually and/or jointly, presented or caused to be presented, claims to Medicare and Medicaid for Dr. Fonn's professional services connected to those surgeries. ECF. No. 252. Attached to the government's Statement of Uncontroverted Material Facts in support of its motion for partial summary judgment is a list by date, from January 19, 2009, through March 20, 2012, of the dollar amounts of 173 claims made to Medicare Part A and/or Medicare Part B, and 55 claims made to Medicaid, for a total of 228 claims. ECF No. 201-1.

In the challenged Declaration, Agent Minden notes his 13 years of experience investigating Medicare and Medicaid fraud, and describes how he and individuals working at his direction retrieved the data underlying the charts in the record from databases maintained by federal and state agencies and a government data contractor. He explains that the Center for Medicare and Medicaid Services ("CMS") collects data

---

[1] Medicare Part A covers hospital care; Medicare Part B covers medical services and durable medical equipment.

about Medicare claims from various sources, and compiles the data in a data repository that government contractors can then access and make the data "available to users via the STARS database." This data included names of patients; dates of surgical services; names of the performing physician; the hospital in which the surgery was performed; and how much Medicare/Medicaid paid for each surgery. Agent Minden then explains how he created the above-noted charts, including the chart of 228 claims, that he calls the "Master Claims Chart," from data he obtained from the STARS database, and how he determined that these claims were associated with spinal surgeries performed by Dr. Fonn. ECF No. 201-9.

Defendants challenge Agent Minden's Declaration on the ground that it is not based on his personal knowledge, as he does not know how the government agencies and the contractor involved obtain, process, or handle the data upon which he relied. Defendants point to Agent Minden's deposition testimony that he did not independently validate the underlying data he used for the charts at issue. Defendants maintain that the underlying data is inadmissible hearsay, and thus the charts Agent Minden created are not admissible under Federal Rule of Evidence 1006, which allows the use of summaries when the volume of documents being summarized is so large as to make their use impractical. Defendants also maintain that there are discrepancies between the information in the charts and other information in the case, such as patients' medical records with regard to, for example, the date a surgery associated with a claim was performed.

As noted above, the motion under consideration seeks to strike not only

4

Agent Minden's Declaration, but also portions of the government's Statement of Uncontroverted Material Facts. These portions discuss who Defendants are, who was employed by their companies, where Dr. Fonn performed surgeries, generally how Dr. Fonn selected the spinal devices at issue and arranged for them to be distributed through D.S. Medical for the surgeries at issue, how SFMC and Dr. Fonn's neurosurgery practice submitted claims for payment to Medicare and Medicaid, and the federal funding behind Medicaid.

The government responds that the portions of its Statement of Uncontroverted Material Facts that Defendants seek to strike are all relevant to the case, and in any event, a motion to strike is not a proper way to address relevance objections. With respect to Agent Minden's Declaration, the government argues that Agent Minden's 13 years' experience investigating Medicare and Medicaid fraud provides him with enough personal knowledge to support his Declaration. The government points to Agent Minden's deposition testimony that he had used similar data in his investigations routinely for years and never had any reason to doubt the data's accuracy. The government argues that the discrepancies noted by Defendants do not genuinely call into question that Dr. Fonn performed the surgeries listed in the Master Claims Chart on patients at SFMC and that SFMC submitted Medicare and/or Medicaid claims related to those surgeries.

## **DISCUSSION**

Federal Rule of Civil Procedure 56(c)(4) requires that an affidavit supporting a motion for summary judgment "must be made on personal knowledge, set out facts that

5

would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Affidavits or declarations that are not based on personal knowledge or that contain inadmissible hearsay should be stricken from the summary judgment record. *Goliday v. GKN Aerospace-St. Louis Aerospace*, No. 4:11CV729 JCH, 2012 WL 2856499, at *1 (E.D. Mo. July, 10, 2012). "Affidavits asserting personal knowledge must include enough factual support to show that the affiant possesses that knowledge." *Id*. (citation omitted).

Here, the Court concludes that Defendants' motion to strike Agent Minden's Declaration is well taken. The problem is that Agent Minden is not employed by, or an agent of, the government agencies or government contractor that collected and maintained the underlying data. Indeed, a case relied on heavily by the government, *United States v. Kuthuru*, 665 F. App'x 34 (2d Cir. 2016), brings this point home. In that case, the Second Circuit held that data about Medicare claims was properly admitted in a FCA Medicare fraud case as business records of a Medicare contractor that maintained data of Medicare claims in a data warehouse, because a Medicare investigator <u>employed by the contractor</u> testified how the data was collected and maintained, and this testimony was accompanied by a certification of the contractor's custodian of records. *Id*. at 39-40; *see also United States ex rel. Pogue Diabetes Treatment Ctrs. of Am.*, 565 F. Supp. 2d 153, 160-61 (D.D.C. 2008) (allowing the government to establish at the summary judgment stage of a Medicare fraud case, the fact that certain claims were presented for Medicare reimbursement, by means of a declaration of an official at CMS describing how he assembled claims data; *United*

6

*States v. Rogan*, 459 F. Supp. 2d 692, 727 n.17 (N.D. Ill., *aff'd* 517 F.3d 449 (7th Cir. 2008) (same).

The Court has reviewed the portions of the government's Statement of Uncontroverted Material Facts that Defendants wish stricken, and finds no good cause to grant that part of Defendant's motion. *See Owens v. Am. Hardware Mut. Ins. Co.*, No. 11-6663, 2012 WL 6761818, at *3 (D.N.J. Dec. 31, 2012) (denying a motion to strike, on relevancy grounds, portions of the opposing party's statement of facts in support of a motion for summary judgment; "The proper response to a procedurally correct Rule 56 motion is to file a counter statement that denies the fact is material, admits the material fact, or denies the material fact by counter proofs conforming to the rules of evidence."). Any statements that are irrelevant or are not supported by admissible evidence in the record will not be considered by the court in ruling on the government's motion for partial summary judgment.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to strike is **GRANTED** as to Agent Timothy Minden's November 29, 2016 Declaration, and **DENIED** as to portions of the government's Statement of Uncontroverted Material Facts in support of its Motion for Partial Summary Judgment. ECF No. 219.

                                              _____
                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE

Dated this 7th day of August, 2017.