UNITED STATES DISTRICT COURT
SOUTHEASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ex rel. PAUL CAIRNS, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:12CV00004 AGF |
| ) | |
| D.S. MEDICAL, L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This qui tam action is before the Court on the government's motion (ECF No. 164) to compel production of documents withheld by Defendants as privileged under the attorney-client privilege.

The operative complaint claims that the four Defendants – Dr. Sonjay Fonn, a neurosurgeon; Midwest Neurosurgeons, LLC, a company formed and operated by Dr. Fonn; Deborah Seeger, Dr. Fonn's fiancée; and D.S. Medical, LLC, a company formed and created by Seeger for the distributorship of spinal implant devices – violated the False Claims Act, 31 U.S.C. §§ 3729-33, by submitting or causing to be submitted to the federal Medicare and Medicaid programs false claims for reimbursement for Dr. Fonn's services in performing spinal surgeries at a hospital in Cape Girardeau, Missouri, between December 2008 and March 2012, and for the purchase of implant devices used in those surgeries. The claims for reimbursement were allegedly false because they did not disclose that they were the result of alleged kickbacks that violated

the federal criminal Anti-Kickback Statute ("AKS").

On June 1, 2016, Defendants filed a notice that they were asserting an advice-of-counsel defense (regarding their state of mind for purposes of the alleged AKS violations), and were waiving the attorney-client privilege, limited to communications with counsel prior to the time of Defendants learning of the government's investigation arising from the qui tam suit, and limited to nine topics, including, for example, the relationships between the various Defendants, and discussions regarding pricing of spinal implants with the hospital in question. ECF No. 148. Defendants thereafter withheld numerous documents as privileged, asserting that they did not come within the "limited waiver." The government disputed the ability of Defendants to limit their waiver to the nine specified topics, as opposed to turning over documents related to their "state of mind."

Following the course of several months during which the parties engaged in discovery discussions and Defendants made supplemental disclosures, the parties' dispute with respect to the motion to compel directed to Defendants now involves four documents, some of which have attachments. Defendants assert that these documents are privileged because they do not relate to Defendants' state of mind with regard to the alleged ACS violations that underlie the government's theory of liability in this case. These documents, by agreement of the parties, were submitted to the Court for in camera review.

Upon reviewing the documents, the Court concurs with Defendants except with respect to Document CTRL00012437 and related attachments. Not having been a party

to the parties' extensive discussions regarding the production of documents relevant to Defendant's advice-of-counsel defense and waiver of privileges, the Court cannot be certain whether this document meets the parties' understanding of what must be produced by Defendants. Arguably, the document relates to Defendants' state of mind with respect to the AKS in a manner that is relevant to the present case. The Court is not holding that this document is relevant or would be admissible at trial. Furthermore, any use by the government of this document shall be limited to this case, and no other purpose.

Accordingly,

**IT IS HEREBY ORDERED** that the government's motion (ECF. No. 164) to compel production of documents withheld under Defendants' waiver of the attorney client privilege is **GRANTED** with respect to Document CTRL00012437 and related attachments, and **DENIED** in all other regards. Defendants shall turn over the document at issue to the government within **five days** of the date of this Memorandum and Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of August, 2017.