UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| ex rel. PAUL CAIRNS, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12CV00004 AGF |
| | ) | |
| D.S. MEDICAL, L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This qui tam action under the False Claims Act, 31 U.S.C. §§ 3729-33 ("FCA") is before the Court on two motions by the government: (1) a motion (ECF No. 181) to compel the production of documents from the law firm Thompson Coburn LLP ("TC") regarding legal advice that the firm provided Defendants; and (2) a motion (ECF No. 183) to re-open the depositions of James Fogle (Defendants' primary lawyer at TC) and Defendant Dr. Sonjay Fonn to allow questioning regarding documents that were produced by Defendants after these deponents were deposed; the government requests an additional four hours of time with each deponent. For the reasons set forth below, the motion to compel, as narrowed by the government's supplemental brief, will be granted.

The qui tam action was initiated by Relator on January 5, 2012. Upon being served with the complaint, the government began parallel civil and criminal investigations. The intervenor complaint in this civil action (ECF No. 26) claims that

the four Defendants – Dr. Sonjay Fonn, a neurosurgeon; Midwest Neurosurgeons, LLC, a company formed and operated by Dr. Fonn; Deborah Seeger, Dr. Fonn's fiancée; and D.S. Medical, LLC ("DCM"), a company formed and created by Seeger for the distributorship of spinal implant devices – violated the False Claims Act, 31 U.S.C. §§ 3729-33, by submitting or causing to be submitted to the federal Medicare and Medicaid programs false claims for reimbursement for Dr. Fonn's services in performing spinal surgeries at St. Francis Medical Center ("SFMC") in Cape Girardeau, Missouri, between December 2008 and March 2012, and for the purchase of implant devices used in those surgeries. For purposes of the motion to compel under consideration, it is not disputed that the first indication to Defendants of a government investigation was the service of a subpoena on DSM in March 2012.

The FCA imposes civil liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" to an officer or employee of the United States. 31 U.S.C. § 3729(a)(1)(A), (b)(2)(A)(i). The term "knowingly" means that a person, with respect to information contained in a claim, (1) "has actual knowledge of the information;" (2) "acts in deliberate ignorance of the truth or falsity of the information;" or (3) "acts in reckless disregard of the truth or falsity of the information." *I*d. § 3729(b)(1). The purpose of the FCA's scienter requirement is to avoid punishing "honest mistakes or incorrect claims submitted through mere negligence." *United States ex rel. Owens v. First Kuwaiti Gen. Trading & Contracting Co*., 612 F.3d 724, 728 (4th Cir. 2010).

The claims for reimbursement in this case were allegedly false because they did

2

not disclose that they were the result of alleged kickbacks that violated the federal criminal Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a, *et seq*. The AKS punishes "knowing and willful" violations. 42 U.S.C. § 1320a–7a(h). "[A] person need not have actual knowledge of this section or specific intent to commit a violation of this section"; a person need only have acted with a wrongful purpose. *United States v. Jain*, 93 F.3d 436, 441 (8th Cir. 1996).

On June 1, 2016, Defendants filed a notice stating that they would be asserting an advice-of-counsel defense. Specifically, Defendants asserted that they "anticipate introducing evidence at trial regarding communications between Defendants and their attorney [Fogle], and, therefore, will be conceding to a limited waiver of the attorney client privilege." ECF No. 148. The conceded waiver was limited to communications prior to the time Defendants learned of the government's investigation arising from the qui tam suit; and to nine topics, including, for example, the relationship between Dr. Fonn and the other three Defendants. *Id.*[1]

---

[1] The nine topics identified by Defendants were:

> (1) contract negotiations between DS Medical/Deborah Seeger and the spinal implant manufacturers/distributors with whom she interacted;
> (2) the legal dispute between Verticor [a spinal device manufacturer] and DS Medical related to inventory and failure to pay commissions;
> (3) the relationship between DS Medical and St. Francis Medical Center;
> (4) the relationship between Dr. Fonn, Midwest Neurosurgeons, Deborah Seeger and DS Medical;
> (5) discussions regarding a conflict in interest form from St. Francis Medical Center;
> (6) discussions regarding pricing of spinal implants with St. Francis Medical Center;
> (7) contracting issues related to individuals who would promote product for

On June 3, 2016, the government served TC and Fogle with third party subpoenas for "[a]ny documents related to legal advice" provided to each Defendant. ECF No. 182.[2] TC withheld some documents based on Defendants' "limited waiver" of the attorney-client privilege, and other documents based on the work product doctrine. These documents are the subject of the government's present motion to compel. The government challenges Defendants' assertion of a "limited waiver," and TC's reliance on that "limited waiver." The government also argues that TC must produce materials dated before March 2012 withheld on solely work product grounds because TC did not have a reasonable anticipation of litigation before that date.

In a supplemental memorandum, the government states that since its current motion to compel was briefed, Defendants produced additional documents, and that the motion is now limited to the following documents: all documents discussing legal advice regarding establishing DSM; draft versions of an AKS memorandum dated April

---

DS Medical;
(8) difficulties with Bootheel Fencing, Patriot [Sunrooms], and Bloomfield Landscaping [contractors who did renovations on Seeger's home]; and
(9) discussion of the peer review done in early 2010 and communicated to Dr. Fonn by Dr. Schell.

[2] The government served document requests directly upon Defendants, seeking their documents regarding that same legal advice. Following negotiations, the parties narrowed their advice-of-counsel discovery dispute to four documents (some with attachments), that were submitted to the Court for in camera review. By Order dated August 9, 2017, the Court ordered Defendants to produce one of the four documents, with its attachments. ECF No. 264. The Court determined that the other documents were pivileged.

1, 2009, prepared by Fogel and sent to Dr. Fonn;[3] any unproduced documents regarding legal advice about a commission and inventory dispute with Verticor; any documents related to legal advice regarding difficulties with three companies doing construction work on Seeger's house (Bloomfield Landscaping, Patriot Sunrooms, and Bloomfield Fencing); and any unproduced documents that were generated before March 2012 and withheld solely on work product grounds.

## **DISCUSSION**

A defendant may avoid liability under the FCA if it can show that it acted in good faith on the advice of counsel. *United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 381 (4th Cir. 2015). To establish an advice-of-counsel defense in this context, a defendant "must show the (a) full disclosure of all pertinent facts to counsel, and (b) good faith reliance on counsel's advice." *Id*. When a party raises an advice of counsel defense, "all advice on the pertinent topic becomes fair game. "It has . . . become established that if a party interjects the advice of counsel as an essential element of a . . . defense, then 'all advice received concerning the same subject matter' is discoverable, not subject to protection by the attorney-client privilege." *Id*. at 391 (quoting McCormick on Evid. § 93 (7th ed. 2013)).

The party seeking work product protection has the burden to prove that the materials were prepared in anticipation of litigation, that is "because of the prospect of litigation." *PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 817 (8th Cir.

---

[3] In this memorandum, Fogel discussed TC's "conclusion and belief" that SFMC could purchase spinal implants through DSM even when the implants were for use with respect to Dr. Fonn's patients and he recommended their purchase. ECF 182-9.

5

2002). "[T]he mere possibility that litigation may result is not sufficient to trigger the protection of the work product doctrine." *In re Advanced Pain Centers Poplar Bluff v. Ware*, 11 F. Supp. 3d 967, 973 (E.D. Mo. 2014). The Eighth Circuit has articulated the test for "in anticipation of litigation" as follows:

> [T]he work product rule does not come into play merely because there is a remote prospect of future litigation. In 8 Wright & Miller, [Federal Practice & Procedure, Civil] pp. 198-99, it is said . . . Prudent parties anticipate litigation, and begin preparation prior to the time suit is formally commenced. Thus the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.

*Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 604 (8th Cir. 1977). "The party asserting the work product privilege must set forth objective facts to support its claim of privilege; a mere conclusory statement that the work product was created in anticipation of litigation is not enough." *AAB Joint Venture v. United States,* 75 Fed. Cl. 432, 445 (2007).

Here, the Court agrees with the government that by asserting the advice-of-counsel defense, Defendants have waived the attorney-client privilege with regards to TC documents discussing legal advice on establishing DSM, and documents regarding legal advice related to Verticor, Bloomfield Landscaping, Patriot Sunrooms, and Bootheel Fencing. The Court further agrees with the government that TC has not supported its claim of work product protection for any documents generated prior to March 2012, including draft versions of the April 1, 2009, AKS memorandum that were or were not sent to any Defendant. The record indicates that in one draft, Fogle

6

concluded that the arrangement proposed by Dr. Fonn would violate the AKS. The government presents a plausible theory of relevance of the drafts – that they may reflect that Fogle received additional or different information from Defendants as he was working on the final memorandum, a factor relevant to the advice-of-counsel defense. Moreover, because TC and Fogle have already produced other versions of the memorandum, work product protection has been waived for the withheld drafts. *See, e.g., In re Chrysler Motor Corp.*, 860 F.2d 844, 845 (8th Cir. 1988).

In light of the supplemental production of documents, both by agreement of the parties and pursuant to Court Orders, after Dr. Fonjay and Fogle were deposed, the Court will grant the government's motion to redepose these two individuals. "[C]ourts frequently permit a deposition to be reopened where the witness was inhibited from providing full information at the first deposition . . . . [or] where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition." *Keck v. Union Bank of Switzerland*, No. 94CIV.4912 (AGS)(JCF), 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the government's motion (ECF No. 181) to compel the production of documents from Thompson Coburn LLP regarding legal advice, as narrowed by the government's supplemental brief, is **GRANTED** as set forth above. Thompson Coburn LLP shall produce the documents with respect to which the motion is granted within five days of the date of this Memorandum and Order.
7

**IS FURTHER ORDERED** that the government's motion (ECF. No. 183) to re-open the depositions of James Fogle and Dr. Sonjay Fonn is **GRANTED**. The government shall be allowed four hours with each deponent; the parties shall confer and arrange for a time and place for the new depositions that should be completed on or before **September 15, 2017**.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of August, 2017.