UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> ex rel. PAUL CAIRNS, et al., <br> <br> Plaintiff, <br> <br> vs. <br> <br> D.S. MEDICAL, L.L.C., et al., <br> <br> Defendants. | Case No. 1:12CV00004 AGF |

## **MEMORANDUM AND ORDER**

This qui tam action under the False Claims Act is premised on Defendants' alleged violation of the federal criminal Anti-Kickback Statute ("AKS"). In denying Defendants' motion for summary judgment, the Court concluded that there were triable issues on whether "one purpose" of certain remuneration received by Defendant Dr. Sonjay Fonn was to induce him to take actions that would violate the AKS. ECF No. 277 at 9. The case is now before the Court on Defendants' joint motion for reconsideration by the Court regarding the "one purpose" standard. Defendants argue, as they did in support of their motion for summary judgment, that the correct standard is whether a "primary purpose" of the remuneration was to induce the relevant conduct.

As noted in the Court's Memorandum and Order denying Defendants' motion for summary judgment, five federal Circuits have adopted the "one purpose" standard. *See United States v. McClatchey*, 217 F.3d 823, 835 (10th Cir. 2000) (noting that every circuit to consider this issue has adopted the "one purpose" test); *United States v. Davis*,

132 F.3d 1092, 1094 (5th Cir.1998) (holding that the AKS is violated whenever the benefits extended were partially to induce patient referrals). The Court believes that if the Eighth Circuit were to directly address the question, it too would conclude that this is the correct standard to apply. Defendants' reliance on the fact that in past cases, the government was the proponent of jury instructions using the "primary purpose" standard, or on the fact that the Eighth Circuit affirmed such cases, is unavailing, as those cases did not directly raise the question at issue.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' joint motion for reconsideration of the standard to be applied to the inducement element of an AKS violation is **DENIED**. ECF No. 282.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of September, 2017.