UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| ex rel. PAUL CAIRNS, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12CV00004 AGF |
| | ) | |
| D.S. MEDICAL, L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This qui tam action under the False Claims Act is before the Court on the government's motion for leave to file supplemental declarations in support of its amended motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(g). The amended motion for partial summary judgment was filed on May 30, 2017. It sought a Court Order deciding certain underlying factual issues in this case, namely, that the four named Defendants individually and jointly, "arrang[ed]," within the meaning of the Anti-Kickback Statute, for spinal devices to be purchased through Defendant D.S. Medical for use in the 228 surgeries performed by Defendant Dr. Sonjay Fonn at St. Francis Medical Center ("SFMC"), listed in a chart prepared by Timothy Minden, Special Agent for the Department of HHS; and that Defendants presented or caused to be presented, within the meaning of the False Claims Act, claims to the federal Medicare program and the Missouri Medicaid program for payment for the surgical devices, as shown on the chart. The motion was supported by a declaration

of Agent Minden describing how he prepared the chart in question.

By Memorandum and Order dated August 7, 2017, the Court granted Defendants' motion to strike the Agent Minden's declaration, concluding that it was not based on personal knowledge. ECF No. 262. The government filed the present motion on August 17, 2017, but did not submit the five proposed supplemental declarations (ECF No. 285-1 to 285-5) until September 7, 2017. Two of the proposed supplemental declarations – one by a director/manager at the federal Centers for Medicare and Medicaid Services ("CMS") and one by the Program Manager for a contract between CMS and General Dynamics Information Technology for the provision to CMS by General Dynamics of "STARS," a data analysis software application – establish the following: CMS collects data from Medicare providers, such as doctors and hospitals, who submit claims for payment. CMS compiles that data, including the amount paid for each claim, in the Independent Data Repository ("IDR"). STARS makes that data available to users.

A third proposed supplemental declaration is the Amended Declaration of Agent Minden, stating that in May 2014, using STARS, he queried the IDR data for Medicare Part A claims[1] submitted by SFMC and processed between March 2008 and April 2014, in which Dr. Fonn was indicated as the operating physician. He asserts that he produced the data returned from the query to Defendants during the course of this litigation. He further asserts that he "filtered" the data to only include spinal surgeries that were performed between November 24, 2008, and March 26, 2012, the

---

[1] Medicare Part A pays for inpatient hospital stays for Medicare beneficiaries.

approximate dates Defendant D.S. Medical, LLC, was in operation. He then proceeds to describe how he created the chart noted above, and related charts.

The two remaining proposed supplemental declarations are by investigators with the Missouri Medicaid Fraud Control Unit, one by Elizabeth Emmerich and one by Steve Diemler. Emmerich asserts that pursuant to a request by Agent Minden, she asked Diemler for "institutional claims" to Missouri's Medicaid program in which Dr. Fonn was the attending physician concerning services provided between December 1, 2008, and March 31, 2012; that Diemler provided her with the information; and that she in turn provided it to Agent Minden. Diemler confirms this in his declaration.

Defendants object to the government's motion for leave on several grounds, including that the naming of new declarants/witnesses at this late date is untimely, and that the government did not provide Defendants with all of the relevant data underlying the charts in question, such that the charts are not admissible under Federal Rule of Evidence 1006.

Clearly, if the facts at issue would have been stipulated to by the parties, the evidence at trial and the jury's task would have been narrowed and simplified. However, the parties were unable to reach any agreement on the matter, and the Court is reluctant to invoke Rule 56(g) to accomplish this end, even if this would be a proper use of the Rule under the circumstances presented here. This matter is set to go to trial within the next few weeks, and pretrial materials have been filed. Thus, the motion for partial summary judgment, as supported with supplemental affidavits, is untimely. Moreover, in connection with the partial summary judgment requested, it appears that

issues of fact exist with respect to at least some of the claims for reimbursement submitted. The Court believes that the best course of action at this point is for the government to prove the asserted facts with a proper foundation.

The Court does not mean to suggest that the government will be unable to support its summary charts with custodians of the type identified in its proposed supplemental declarations. To the extent Defendants assert that calling such custodians or submitting proper proposed custodian affidavits would be a violation of Federal Rule of Civil Procedure 26 disclosure requirements, the Court rejects that assertion.

Accordingly,

**IT IS HEREBY ORDERED** that government's motion for leave to file supplemental declarations in support of its amended motion for partial summary judgment is **DENIED**. ECF No. 270.

**IT IS FURTHER ORDERED** that the government's amended motion for partial summary judgment is **DENIED**. ECF. No. 252.

                                              _____
                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE

Dated this 3rd day of October, 2017.