UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| ex rel. PAUL CAIRNS, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12CV00004 AGF |
| | ) | |
| D.S. MEDICAL, L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This qui tam action under the False Claims Act is premised on Medicare and Medicaid fraud. Now before the Court is the government's motion in limine to preclude reference by Defendants to evidence contradicting the government's evidence regarding the amounts of Medicare/ Medicaid payments at issue in the case. For the reasons stated below, this motion will be denied.

The government asserts that throughout discovery, it provided Defendants with discs containing raw data concerning the claims for reimbursement at issue – data acquired from government records via the "STARS" database, as well as data obtained by the Missouri Medicaid Fraud Control Unit. The government further asserts that as it narrowed the raw data and prepared summary charts of the claims it believes are at issue, it provided these charts to Defendants. These same charts were submitted to the Court in support of the government's motion for partial summary judgment and amended motion for partial summary judgment. The government maintains that it

"repeatedly propounded discovery requests seeking any information [Defendants] had concerning the accuracy and completeness of the Medicare and Medicaid claims data produced to them by the government during discovery," requests that Defendants responded were overly broad and unduly burdensome. The government never moved for an order to compel production of such evidence from Defendants. In the motion under consideration, the government argues that because Defendants did not produce during discovery any contrary evidence showing that the claims included in the government's data were not submitted or that the payment amounts contained in the data were incorrect, Defendants should be precluded from attempting to introduce such evidence at trial.

By Memorandum and Order dated October 3, 2017, the Court denied the government's amended motion for partial summary judgment under Federal Rule of 56(g) that sought to have the Court decide prior to trial what claims were submitted (or caused to be submitted) by Defendants to Medicare/Medicaid for reimbursement during the relevant time period, and the amounts paid on the claims.

This Court agrees with Defendants that the government's present motion is procedurally improper in light of the fact that, as noted above, it never filed a motion compel discovery on the matter at issue. *See, e.g., Boeing Co. v. KB Yuzhnoye*, No. CV1300730ABAJWX, 2015 WL 12803452, at *8 (C.D. Cal. Nov. 3, 2015) ("If [Defendants] wanted more information than what Plaintiffs provided, they should have sought that information through a motion to compel . . . during discovery; because [they] failed to do so, the Court will not now exclude this evidence on the eve of trial by

way of a motion in limine."); *Harbor Ins. Co. v. Cont'l Bank Corp.*, No. 85 C 7081, 1991 WL 222260, at *8 n.3 (N.D. Ill. Oct. 25, 1991) (holding that as a result of the plaintiffs' failure to utilize the methods provided by the Federal Rules to compel the defendant's expert to answer questions at his deposition on his qualifications, the plaintiffs could not seek to exclude the expert's testimony by means of a motion in limine on the ground that they were prevented from effectively cross-examining the expert on his qualifications during his deposition).

As noted in the Court's October 3, 2017 Memorandum and Order, the government will have to prove at trial the facts underlying its claims against Defendants, including the submission (or causing the submission) of the Medicare/Medicaid reimbursement claims at issue. Defendants will be permitted to challenge the government's evidence on any valid grounds.

Accordingly,

**IT IS HEREBY ORDERED** that government's motion to preclude reference by Defendants to evidence contradicting the government's evidence regarding the amounts of Medicare/ Medicaid payments involved in the case is **DENIED**. ECF No. 271.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of October, 2017.