UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ex rel. PAUL CAIRNS, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:12CV00004 AGF |
| ) | |
| D.S. MEDICAL, L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

Upon review of the record and following the final pretrial conference in this case held on the record on October 23, 2017, and for the reasons stated more fully on the open record, the Court sets forth its rulings on the parties' motions in limine, as follows:

**Plaintiff's Motions in Limine**

**Motion to Exclude Reference to the Withdrawing of, or Lack of, Certain Expert Witnesses is DENIED in part and GRANTED in part.** Mary Kitely will be permitted to testify as a fact witness for Defendants regarding her review of claims data, but no reference shall be made to the fact that she had been retained and then withdrawn as an expert witness in this case by Plaintiff. The parties will have until Monday **October 30, 2017, at 9:00 a.m.** to submit any written argument and/or authority on whether to permit Kitely to testify by video deposition, as opposed to in person. The motion is granted with respect to evidence that Plaintiff anticipated calling an expert witness on the issue of lack of medical necessity, but ultimately elected not to do so. (ECF No. 313.)

**Motion to Permit Leading Questions by Plaintiff of Defendants and Witnesses Identified with Defendants is DENIED in part and GRANTED in part.** Plaintiff may call Defendants and James Fogel as witnesses in its case-in-chief and ask them leading questions. Whether Defendants will be permitted to ask leading questions on

cross-examination will depend on the scope of the testimony elicited from these witnesses by Plaintiff. The parties are directed to confer and attempt to reach agreement on the order and presentation of these witnesses. (EFC No. 314.)

**Motion Regarding Witness Statements (Reports of Interviews) is SUBSTANTIALLY DENIED.** The motion is denied as moot with respect to the Reports themselves, and denied to the extent that Defendants may ask the preparer of a Report about a witness's prior inconsistent statement contained therein if the witness denies a statement attributed to him in a Report, provided Defendants first show the statement to the witness and ask the witness if he made the statement. However, Defendants may not unnecessarily emphasize that the statement was to an agent. (EFC No. 315.)

**Motion Regarding the Civil Settlement Agreement with Saint Francis Medical Center is DENIED in part and GRANTED in part**. The motion is denied as moot as to the fact of the settlement, and granted as to the amount of the settlement, unless Defendants open the door to such evidence. (EFC No. 316.)

**Motion to Exclude Any Reference to Defendants' Criminal Indictment or its Dismissal without Prejudice is DENIED as moot**, unless Defendants open the door to such evidence. (EFC No. 317.)

**Motion Regarding the False Claims Act Materiality Requirement (to preclude Defendants from presenting evidence or arguing that a violation of the Anti-Kickback Statute is not material) is DENIED**. Plaintiff shall have the burden of establishing materiality, especially as to claims made prior to March 23, 2010. Defendants may then seek to challenge materiality if they have a good faith basis for doing so, and with the understanding that this would open the door to Plaintiff presenting evidence about the purposes of the statutes at issue. (EFC No. 318.)

**Motion Regarding Damages is SUBSTANTIALLY GRANTED**. The measure of damages in the case shall generally be the full amount Plaintiff/state paid for each Medicare/Medicaid claim tainted by a kickback, without regard to the fair market value of the goods and services provided. This ruling is subject to further consideration of "outlier payments" and amounts paid due to "comorbidity," depending upon the evidence presented at trial. (EFC No. 319.)

**Motion to Exclude Reference to False Claims Act Damages, Penalties, or Collateral Consequences is SUBSTANTIALLY GRANTED**. The probative value of this evidence is outweighed by the danger of unfair prejudice. Defendants, however, may cross-exam any Relators who testify, challenging their possible bias due to the fact that they stand to recover a percentage or "millions" if Plaintiff prevails. Defendants may also challenge Relators' bias as competitors. (EFC No. 320.)

**Motion to Exclude Reference to Previously Undisclosed Evidence is DENIED in part and GRANTED in part**. Plaintiff may introduce evidence of what the individual Defendants may not have told their counsel, as this would be relevant to an advice-of-counsel or lack of intent defense. Plaintiff can also use this evidence affirmatively as it is relevant to Defendants' state of mind. Counsel may be asked whether knowing undisclosed information would have changed his mind on advice he offered, but he may not offer an explanation as to why. Dr. Fonn will be permitted to testify about treating decision he made to counter evidence by the government regarding comparative utilization of implant devices. Other aspects of the motion are denied as moot, based on Defendants' representations that they did not intend to introduce the evidence at issue. (EFC No. 321.)

**Defendants' Motions in Limine**

**Motion to Exclude Advisory Opinions and Other Publications Issued by the Office of the Inspector General and Related Testimony is GRANTED**. This evidence is largely irrelevant and has the potential to be unfairly prejudicial to Defendants. If during trial, Plaintiff believes the door was opened to such evidence, it may approach the bench and advise the Court of what it seeks to offer and its purpose. (ECF No. 308.)

**Motion Regarding Medicare Funding and Tax Dollars is DENIED as moot.** It is understood that as a practical matter, Plaintiff may mention that Medicare and Medicaid are funded by public tax dollars, but it may not appeal to the jurors' pecuniary interests. (ECF No. 309.)

**Motion to Exclude Evidence of Defendants' (Inadequate) Charitable Contributions is DENIED as moot**. (ECF No. 310.)

**Motion to Exclude Allusion or Reference to Defendant Sonjay Fonn's Purported Abusive Nature is DENIED as moot**. (ECF No. 311.)

**Motion to Exclude Evidence Regarding the Statutory Purpose of the Anti-Kickback Statute is DENIED**. Plaintiff may present some background information as to how the Anti-Kickback Statute operates (but not its purpose of protecting taxpayers' money). The parties should consider drafting a joint background instruction for the Court to read to the jury on this matter. (EFC No. 312.)

**Motion to Exclude Evidence of Websites Purportedly Establishing Certification of AKS Compliance by Saint Francis Medical Center is DENIED**. Plaintiff did not fail properly to disclose the information, and should be permitted to establish its relevance at trial. (EFC No. 322.)

**Motion to Exclude Plaintiff's Proffered Rule 404(b) Evidence Regarding Defendant Dr. Fonn's Amedica Stock Purchase and the Corresponding Conflict-of- Interest Form is DENIED**. This evidence is relevant to issues including Dr. Fonn's knowledge of the provisions of the Anti-Kickback Statute, and the probative value of the evidence is not outweighed by the danger of unfair prejudice. (EFC No. 323.)

**Motion to Exclude Plaintiff's Proffered 404(b) Evidence Regarding Defendant Dr. Fonn's Statements to the Ohio Medical Board is SUBSTANTIALLY GRANTED**. This evidence is largely irrelevant and has the potential to be unfairly prejudicial to Defendants in Plaintiff's case-in-chief. If during trial, Plaintiff believes the door was opened to such evidence, it may approach the bench and advise the Court of what it seeks to offer and its purpose. However, the evidence could potentially be admissible in cross-examination of Dr. Fonn. (EFC No. 324.)

**Motion Regarding Evidence Related to Patients Covered by Blue Cross Blue Shield is DEFFERED** pending submission by the government of documents at issue and the Court's review of the documents. (ECF No. 325.)

**Motion to Exclude Evidence that Defendant Dr. Fonn is not Board Certified is GRANTED**. This evidence is largely irrelevant and has the potential to be unfairly prejudicial to Defendants. If during trial, Plaintiff believes the door was opened to such evidence, it may approach the bench and advise the Court of what it seeks to offer and its purpose. (EFC No. 326.)

**Motion to Exclude Evidence of Defendants' Possible Bad Debt is DENIED in part and GRANTED in part**. Evidence that the individual Defendants jointly hired a landscaper, jointly directed the work, and were jointly invoiced is relevant and admissible. Evidence that the landscaper sued the individual Defendants for money owed him is not relevant and will not be admitted. Evidence of inventory disputes Dr. Fonn had with spinal implant manufacturers will be admissible, to the extent relevant to the facts or to such issues as Dr. Fonn's knowledge and intent. (EFC No. 327.)

**Motion to Exclude Evidence of Thompson Coburn's Drafts and Potential Legal Advice Never Actually Provided to Defendants is SUBSTANTIALLY GRANTED**. Generally, draft opinions that were not provided to Defendants are not relevant. They can come in, however, to the extent they reflect information that was provided to Defendants and is thus probative of their knowledge and intent, or to the extent they reflect information provided by Defendants to counsel. (ECF No. 328.)

**Motion to Calculate Damages Based on Plaintiff's Actual Losses is DENIED**. See Court's ruling on ECF No. 319. (EFC No. 329.)

**Motion to Exclude from any Damage Calculation Expenses Unrelated to Surgeries is DEFFERED**. The Court will rule on whether damages can include "outlier payments" and amounts paid due to "comorbidity," depending upon the evidence presented at trial. See Court's ruling on ECF No. 319. (EFC No. 330.)

**Motion to Exclude Evidence of Illegal Remunerations which Plaintiff Failed to Disclose or Supplement in Responding to Contention Interrogatories is DENIED**. The alleged illegal remunerations at issue were sufficiently disclosed, and Defendants have not shown any unfair surprise or prejudice. Further, Seeger doing unpaid work for Dr. Fonn is relevant to other issues. (EFC No. 331.)

**Motion to Exclude Evidence for Plaintiff's Failure to Disclose it in Discovery is DENIED**. The matters at issue were sufficiently disclosed, and Defendants have not shown any unfair surprise or prejudice. (EFC No. 332.)

**Motion as to Plaintiff's Spreadsheets Reflecting Alleged Claims Filed by and Payments Motion to Either Midwest Neurosurgeons, LLC, or Saint Francis Medical Center is DEFFERED**. Plaintiff shall be permitted to attempt to lay a proper foundation for admission of claims data extracted from a database maintained by Plaintiff. Defendants will be permitted to challenge admission of this evidence as not being trustworthy or lacking a proper foundation. **Plaintiff shall make its witness Mark Hogle available to Defendants for deposition and/or interview**. (EFC No. 333.)

**Motion Regarding Lay Witness Testimony (about "comparative usage") that Properly Falls Under Rule 702 is DENIED,** with the proviso that Plaintiff must approach the bench before evidence of "comparative usage" is introduced, and advise the Court of what it seeks to offer, to assure that evidence of lack of medical necessity is not admitted. Defendants may submit a limiting instruction. (EFC No. 334.)

**Motion Regarding Testimony from Medicare Employees or Agents (or Medicaid Employees) is DENIED**, in light of the topics of testimony identified by Plaintiff. (EFC No. 335.)

    **IT IS FURTHER ORDERED** that Defendants' oral motion for the Court to reconsider its prior ruling that the preponderance of evidence standard will apply to all

aspects of this civil case is **DENIED.**

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of October, 2017.