UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. | ) | |
| PAUL CAIRNS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-CV-00004 AGF |
| | ) | |
| D. S. MEDICAL, L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' RESPONSES & OBJECTIONS TO DEFENDANTS' JOINT PROPOSED JURY INSTRUCTIONS

The United States has the following general and overarching objections to the Defendants' Joint Proposed Jury Instructions (#303).  Additional, specific objections, are set forth below Defendants' specific instructions.

The government objects to all of the references in Defendants' proposed instructions to the burden of proof in this case being anything other than by a preponderance of the evidence. As the Court has repeatedly held, the preponderance of the evidence standard applies to all aspects of this civil case.  *See, e.g.,* Mem. & Order (#387) at 5-6; Order (#87) at 2 (collecting cases); *see also* 31 U.S.C. § 3731(d).  The government asserts that its proposed instruction correctly states the law with respect to the applicable burden of proof in this case.  Gov. Prop. Jury Inst. (#297) at Inst. 3.4.

The government objects to statements in Defendants' proposed instructions that the "primary purpose" of the remuneration must be to induce referrals.  As the Court has repeatedly held, the proper standard is whether one purpose of the remuneration was in order to induce referrals.  Order (#290); Order Den. Defs.' Mot. for Summ. J. (#277) at 9; *see also United States*

1

*v. Borrasi*, 639 F.3d 774, 780-82 (7th Cir. 2011); *United States v. Greber*, 760 F.2d 68, 69-72

(3d Cir. 1985).  The government asserts that its proposed instruction correctly states the law.

Gov. Prop. Jury Inst. (#297) at Inst. 5.6.

The government also objects to the omission of any instructions concerning conspiracy.

The government's instructions concerning conspiracy should be given as written.  Gov. Prop.

Jury Inst. (#297) at Inst. 4.13-4.18.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 9

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect.  Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones  I gave you earlier, as well as those  I give you now.  Do not single out some instructions and ignore others, because they are all important.

You will have copies of the instructions I am about to give you now in the jury room.  Remember, you have to follow all instructions, no matter when I give them, whether or not  you have written copies.

## GOVERNMENT'S RESPONSE

The government does not object to the Court giving the pattern instruction.  *See* Gov. Prop. Jury Inst. (#297) at Inst. 3.1; *see also* 8th Cir. Civil Jury Instr. § 3.01 (2017).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 10

I have not intended to suggest what I think your verdict[s] should be by any of my rulings

or comments during the trial.

## GOVERNMENT'S RESPONSE

The government does not object to the Court giving the pattern instruction.  *See* Gov.

Prop. Jury Inst. (#297) at Inst. 3.2; *see also* 8th Cir. Civil Jury Instr. § 3.02 (2017).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 11

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case.  Those charts or summaries are used for convenience.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.

## GOVERNMENT'S OBJECTION

The government objects to this instruction being given if no demonstrative charts or summaries are used at trial.  The government further objects to this instruction being given without civil pattern jury instruction 2.12 also being given.  The government anticipates that several Federal Rule of Evidence 1006 summaries will be used during trial and admitted into evidence.  Giving civil pattern jury instruction 2.11 without also giving instruction 2.12 will be misleading and prejudicial to the government.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 12

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable, another defendant also is liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against another. All instructions I give you govern the case as to each defendant.

## GOVERNMENT'S OBJECTION

The government does not object to the Court giving the pattern instruction.  The government objects to the use of the word "neither" in the second to last sentence of this instruction, as neither suggests that there are only two Defendants when in fact there are four separate Defendants in this action.  The government proposes that the word "neither" be replaced with the word "no."

**DEFENDANTS' PROPOSED INSTRUCTION NO. 13**

Testimony will now be presented to you in the form of a deposition.  A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered [was recorded in writing and now will be read to you] [was electronically videotaped and that recording now will be played for you]. You should consider the deposition testimony, and judge its credibility as you would that of any witness who testifies here in person.

**GOVERNMENT'S RESPONSE**

The government does not object to the Court giving the pattern instruction.  *See* Gov. Prop. Jury Inst. (#297) at Inst. 2.9; *see also* 8th Cir. Civil Jury Instr. § 2.14 (2017).

## DEFENDANTS' PROPOSED PRELIMINARY INSTRUCTION NO. 14

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.

## GOVERNMENT'S OBJECTION

The government objects to this instruction because the last line of Defendants' proposed instruction does not appear in the civil pattern jury instruction. The government contends that the pattern instruction should be given as written. *See* Gov. Prop. Jury Inst. (#297) at Inst. 3.3; *see also* 8th Cir. Civil Jury Instr. § 3.03 (2017). Alternatively, see the government's response to Proposed Instruction No. 15.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 15

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. I n short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.

## GOVERNMENT'S OBJECTION

The government contends that this instruction is unnecessary in light of Defendants' proposed instruction No. 14, if it is given as proffered. The government contends that the pattern instruction on witness credibility should be given as written; that instruction, as written, is sufficient in this case.  *See* Gov. Prop. Jury Inst. (#297) at Inst. 3.3; *see also* 8th Cir. Civil Jury Instr. § 3.03 (2017).

If any additional instructions are given on witness's interest in the outcome of the trial or feelings toward the parties, it should be modeled after the following language approved by the Eighth Circuit and cited in the pattern instructions:

> You are instructed that you are the sole judges of the credibility of the witnesses and of the weight and value to be given to their testimony.  In determining such credibility and weight you will take into consideration the character of the witness, his or her demeanor on the stand, his or her interest, if any, in the result of the trial, his or her relation to or feeling toward the parties to the trial, the probability or improbability of his or her statements as well as all the other facts and circumstances given in evidence.

*Clark v. United States*, 391 F.2d 57, 60 (8th Cir. 1968); *see also United States v. Merrival*, 600 F.2d 717, 719 (8th Cir. 1979).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 16

There are two different burdens of proof involved in this case. The first is "the preponderance of the evidence," and the second is "beyond a reasonable doubt."

A fact has been proved by the preponderance of the evidence if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

Under the "reasonable doubt" standard, reasonable doubt is based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all of the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

In deciding whether any fact has been proved under either burden of proof, you may, unless otherwise instructed, consider the stipulations, the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## GOVERNMENT'S OBJECTION

The government objects to this instruction in its entirety because it misstates the burden of proof in this case.  As the Court has repeatedly held, the preponderance of the evidence standard applies to all aspects of this civil case.  *See, e.g.*, Mem. & Order (#387) at 5-6; Order (#87) at 2 (collecting cases); *see also* 31 U.S.C. § 3731(d).  The government asserts that its

10

proposed instruction correctly states the law with respect to the burden of proof.  Gov. Prop. Jury Inst. (#297) at Inst. 3.4.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 17

The Plaintiffs have specifically alleged that claims for payment for surgical services were false under the False Claims Act because spinal implants used during surgeries were provided in violation of the Anti-Kickback Statute. Therefore, in order to establish that any defendant violated the False Claims Act, the plaintiffs must first prove a violation of the Anti-Kickback Statute. The Anti-Kickback Statute is a criminal statute. The plaintiffs have alleged two different forms of kickbacks, one, financial benefits given by Ms. Seeger to Dr. Fonn and two, commissions provided by spinal implant manufacturers to the Defendants.

In order to prove the crime of violating the Anti-Kickback Statute as relates to the financial benefits allegedly given by Ms. Seeger to Dr. Fonn, the plaintiffs must prove all of the following elements beyond a reasonable doubt:

*First*, Ms. Seeger knowingly and willfully paid and that Dr. Fonn knowingly and willfully received illicit remuneration -- that is, a kickback or a bribe;

*Second*, the primary purpose of the illicit remuneration -- that is, a kickback or a bribe - was to induce the referral of a patient to DS Medical LLC; and

*Third*, the patient's spinal implants were covered, in whole or in part, by a federal health care program.

In order to prove the crime of violating the Anti-Kickback Statute as relates to the contracts between DS Medical LLC and spinal implant manufacturers, the plaintiffs must prove all of the following elements beyond a reasonable doubt:

*First*, the spinal implant manufacturer knowingly and willfully paid and defendants knowingly and willfully received illicit remuneration -- that is, a kickback or a bribe;

*Second*, the primary purpose of the kickback was to induce Dr. Fonn's referral of a

patient to the spinal implant manufacturer; and

*Third*, the patient's spinal implants were covered, in whole or in part, by a federal health care program.

The defendants have denied violation of the Anti-Kickback Statute, and are presumed to be innocent unless and until proven otherwise.

"To induce" means to attempt to gain influence over the reason or judgment of a person improperly or corruptly.

A violation of the Anti-Kickback Statute requires that the government prove criminal intent -- that the defendants acted in violation of the law both knowingly *and* willfully.

To establish that a defendant "knowingly" violated the Anti-Kickback Statute, the government must prove that the defendant knew of the facts constituting the offense and committed the acts voluntarily and intentionally.

To establish that a defendant "willfully" violated the Anti-Kickback Statute, the government must prove that the defendant knew his conduct was wrongful or unlawful and acted with the intent to do something that the law forbids.   In order to violate the Anti-Kickback Statute, it is not enough to covet the business of another, there must actually be some bad intent to violate the law. Good faith is a defense to a charge of willfulness.

Defendants cannot be found to have violated the Anti-Kickback Statute merely because Ms. Seeger provided remuneration to Dr. Fonn for reasons unrelated to an effort to induce the referral of a patient to DS Medical LLC, yet also received referrals of patients insured by a federal health care program.

It is also not unlawful to hope or expect or believe that referrals would result from the payment of remuneration that was designed for compensation of services. The expectation of

profit or creation of a favorable business relationship does not violate the Anti-Kickback Statute.

 If any of the above elements has not been proved beyond a reasonable doubt, you must find in favor of defendants on the plaintiffs' claim for violation of the False Claims Act as set forth in Instruction No. XX.

**GOVERNMENT'S OBJECTION**

 The government objects to this proposed instruction because it fails to provide a clear, accurate and neutral statement of the law and the claims and defenses in the case.  The government's proposed instructions Nos. 5.1-5.9 provide an accurate and neutral statement of the applicable legal standards for the Anti-Kickback Statute in this civil case, and an accurate, complete and neutral statement of the parties' claims and defenses.

 The instruction improperly advises the jury that the burden of proof is the beyond a reasonable doubt standard; likewise, the proposed instruction improperly suggests that the higher (criminal) burden of proof applies here by referring to the Anti-Kickback Statue being a criminal statute.  As the Court has repeatedly held, the preponderance of the evidence standard applies to all aspects of this civil case.  *See, e.g.*, Mem. & Order (#387) at 5-6; Order (#87) at 2 (collecting cases); *see also* 31 U.S.C. § 3731(d).  The government asserts that its proposed instruction correctly states the law with respect to the burden of proof.  Gov. Prop. Jury Inst. (#297) at Inst. 3.4.

 The government also objects to all references to the "primary purpose" of the remuneration.  As the Court has repeatedly held, the proper standard is whether one purpose of the remuneration was in order to induce referrals.  Order (#290); Order Den. Defs.' Mot. for Summ. J. (#277) at 9; *see also United States v. Borrasi*, 639 F.3d 774, 780-82 (7th Cir. 2011); *United States v. Greber*, 760 F.2d 68, 69-72 (3d Cir. 1985).  Similarly, the government objects to

14

the language that Defendants cannot be found liable simply if remuneration was provided by Ms. Seeger to Dr. Fonn, as it misrepresents the relevant law.  The government asserts that its proposed instruction correctly states the law.  Gov. Prop. Jury Inst. (#297) at Inst. 5.6.

The government further objects that this instruction misstates the law concerning the Anti-Kickback Statute (AKS) in various other ways.  The AKS is not only violated when remuneration is paid or received; it is also violated when remuneration is offered or solicited. *See* 42 U.S.C. § 1320a-7b(b)(1)—(2).  Defendants' proposed instruction only speaks of remuneration that is "paid" or "received," it does not reference remuneration that is "offered" or "solicited."  Moreover, the AKS does not prohibit "illicit" remuneration.  Instead, it refers to remuneration solicited, received, paid, or offered "in return for" referrals.  Thus, the government objects to the proposed instruction's use of the word "illicit."  Additionally, remuneration under the AKS is not limited to kickbacks or bribes; it includes any form of remuneration provided "directly or indirectly, overtly or covertly, in cash or in kind."  *Id.*  Therefore, the government also objects to Defendants' proposed instruction in that it implies that remuneration can only be exchanged in the form of a "kickback or bribe." Furthermore, the statute does not use the phrase "covered" with respect to items being paid for by federal healthcare programs, but instead uses the phrase "paid for."  *Id.*  The government asserts that any instructions given in this case concerning the AKS should track the language of the statute.  The government's proposed AKS instructions correctly state the law.  *See* Gov. Prop. Jury Inst. (#297) at Insts. 5.1-5.9.

Additionally, the government objects to the statement that "good faith" is a defense to a charge of willfulness.  The government asserts that in order for Defendants' reliance on their counsel's advice to serve as a defense in this matter, they bear the burden of showing that they sought the advice of an attorney, made a full and accurate report to that attorney of all material

facts, and acted strictly in accordance with the advice of the attorney.  *See* Gov. Prop. Jury Inst. (#197) at Inst. 6.1.  Merely consulting an attorney is not sufficient to carry the burden of establishing this affirmative defense.

The government further objects to the manner in which this proposed instruction seeks to unfairly influence the jury by misstating or omitting reference to the government's allegations. The government does not allege that only DS Medical received remuneration from spinal implant manufacturers, but that all Defendants have received remuneration from spinal implant manufacturers.  This instruction also failed to discuss the government's conspiracy allegation. *See* Gov. Prop. Jury Inst. (#297) at Insts. 4.13-4.19.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 18

The Anti-Kickback Statute does not prohibit transactions in which one party provides something of value to another party for something other than the referral of a patient, even if there are future referrals between the parties.

When considering whether the government has proven the elements of an Anti-Kickback Statute violation, it is not enough for the government to show Ms. Seeger and Dr. Fonn exchanged remuneration -- something of value -- and at some later point in time referrals of Medicare patients were made between them. Rather, the government must prove that Ms. Seeger knowingly and willfully paid and Dr. Fonn knowingly and willfully accepted some portion of the exchanged remuneration *in return for* referrals of Medicare patients.

If Ms. Seeger and Dr. Fonn exchanged remuneration for legitimate reasons in connection with their romantic relationship, rather than for referrals, then there was no violation of the Anti-Kickback Statute.

## GOVERNMENT'S OBJECTION

The government objects that this instruction is duplicative of any proposed instructions setting forth the elements of an Anti-Kickback Statute (AKS) violation; fails to provide a clear, accurate and neutral statement of the applicable legal standards; and seeks to unfairly influence the jury's consideration of the evidence.

This instruction also misstates the relevant legal standard. Defendants' exchange of remuneration for referrals violated the AKS if *one purpose* of the remuneration was in order to induce referrals. As the Court has repeatedly held, this is the proper standard in an AKS case. Order (#290); Order Den. Defs.' Mot. for Summ. J. (#277) at 9; *see also United States v. Borrasi*, 639 F.3d 774, 780-82 (7th Cir. 2011); *United States v. Greber*, 760 F.2d 68, 69-72 (3d

Cir. 1985).  As written, this instruction appears to turn the one purpose rule on its head. Defendants' instruction could leave the jury with the impression that any remuneration that flowed from Ms. Seeger to Dr. Fonn did not violate the AKS if one purpose of that remuneration was Defendants' romantic relationship.  The government asserts that its proposed instruction correctly states the law.  Gov. Prop. Jury Inst. (#297) at Inst. 5.6.

Furthermore, the AKS is not only violated when remuneration is paid or received; it is also violated when remuneration is offered or solicited.  *See* 42 U.S.C. § 1320a-7b(b)(1)—(2). Defendants' proposed instruction only speaks of remuneration that is "paid" or "received," it does not reference remuneration that is "offered" or "solicited."

**DEFENDANTS' PROPOSED INSTRUCTION NO. 19**

It is not illegal or improper for a company or individual to seek to maximize profits.

Neither the False Claims Act nor the Anti-Kickback Statute prohibits companies or individuals from seeking or earning profits.

There is nothing inherently improper about a defendant's desire and efforts to maximize profits or to increase profit margins.

**GOVERNMENT'S OBJECTION**

The government does not object to the Court giving the second sentence of this instruction. However, the government objects to the use of the word "illegal" in this instruction. The government proposes striking the first and last sentences of this instruction as those sentences are misleading and duplicative of the second sentence of the proposed instruction.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 20

It is not illegal under the Anti-Kickback Statute, in and of itself, for a person to be the implant distributor of her fiancé.

## GOVERNMENT'S OBJECTION

The government objects to this instruction in its entirety because it is misleading and improperly comments upon Defendants' arguments in a manner that may unduly influence the jury's consideration of the evidence.  This instruction is misleading – and thus not helpful to the jury – in that it fails to mention any of the ways in which an engaged couple could in fact violate the Anti-Kickback Statute.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 21

It is not illegal under the Anti-Kickback Statute, in and of itself, for a manufacturer to pay a high commission to a distributor of its products in hopes that the distributor will be successful in obtaining a doctor's business.

## GOVERNMENT'S OBJECTION

The government objects to this instruction in its entirety because it is misleading and improperly comments upon the Defendants' arguments in a manner that may unduly influence the jury's consideration of the evidence.  Contrary to the implication of this proposed instruction, Defendants' receipt or solicitation of remuneration from medical device manufacturers in exchange referrals violated the AKS if *one purpose* of the remuneration was in order to induce referrals.  As the Court has repeatedly held, this is the proper standard in an AKS case.  Order (#290); Order Den. Defs.' Mot. for Summ. J. (#277) at 9; *see also United States v. Borrasi*, 639 F.3d 774, 780-82 (7th Cir. 2011); *United States v. Greber*, 760 F.2d 68, 69-72 (3d Cir. 1985). This instruction fails to mention any of the ways in which a distributor could violate the AKS by paying a distributor a commission.  The government asserts that its proposed instruction correctly states the law.  Gov. Prop. Jury Inst. (#297) at Inst. 5.6.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 22

On the plaintiffs' claims for violation of the False Claims Act, as to each defendant individually, your verdict must be for the plaintiff and against the defendant if the plaintiffs proved beyond a reasonable doubt that the defendant violated the Anti-Kickback Statute (as set forth in Instruction No. XX) and also proved all of the following elements by a preponderance of the evidence:

*First,* the defendant knowingly caused a claim for surgery services to be presented to the United States for payment;

*Second,* the hospital that presented the claim for payment falsely certified to the United States that the claim was in compliance with the Anti-Kickback Statute;

*Third,* the defendant knew that the claim submitted to the United States for payment was false; and

*Fourth,* the false information was material to the United States' decision to pay the claim.

The False Claims Act imposes liability only for false claims for payment, not for any alleged underlying fraudulent acts by a defendant.

Here the Government's theory of the false certification by the hospital is not based on an expressed certification, but rather on an implied certification. A false implied certification is where a claim is submitted but it omits mentioning violations of statutory, regulatory, or contractual requirements, and the omission renders the defendant's representations misleading with respect to the goods or services provided. Not every undisclosed violation of a condition of payment results in a false claim.

A party can be liable for a false implied certification where two conditions are satisfied: first, the claim does not merely request payment, but also makes specific representations about

the goods or services provided; and second, the failure to disclose noncompliance with material statutory, regulatory, or contractual requirements makes those representations misleading half-truths.

False information is "material" if it had a natural tendency to influence, or is capable of influencing, the representative of the United States to whom the claim was submitted. The statute's materiality requirement is rigorous. It is not sufficient for a finding of materiality merely that the Government would have the option to decline to pay if it knew of the defendant's noncompliance.

If any of the above elements has not been proved by a preponderance of the evidence, or if the plaintiffs did not prove beyond a reasonable doubt that the defendant violated the Anti-Kickback Statute (as set forth in Instruction No. XX), your verdict must be for the defendant and you need not proceed further in considering this claim.

## GOVERNMENT'S OBJECTION

The government objects to this proposed instruction because it fails to provide a clear, accurate and neutral statement of the applicable legal standards and the government's claims in this case.  The government respectfully submits that its proposed instructions Nos. 4.1-4.19 provide a clear, complete, accurate and neutral statement of the applicable legal standards to the claims in this case.

The government again objects to all references in this instruction to the burden of proof being beyond a reasonable doubt or the Anti-Kickback Statue being a criminal statute.  As the Court has repeatedly held, the preponderance of the evidence standard applies to all aspects of this civil case.  *See, e.g.*, Mem. & Order (#387) at 5-6; Order (#87) at 2 (collecting cases); *see also* 31 U.S.C. § 3731(d).  The government asserts that its proposed instruction correctly states

23

the law with respect to the burden of proof.  Gov. Prop. Jury Inst. (#297) at Inst. 3.4.  The government further objects to the Defendants' unnecessary reiteration of the burden of proof in its instruction of each element.

The government further objects as the paragraph starting "First" misstates the law. The False Claims Act is not only violated when a defendant knowingly causes a claim to be submitted, but also when the defendant him or herself directly submits a claim to the United States.  31 U.S.C. § 3729(a)(1)(A).

The government objects to the use of the terms "knew" and "knowingly" being used in the "First" and "Third" paragraphs without an instruction accurately defining those terms.

The government objects to the definition of falsity in the paragraph starting "Second" and the subsequent paragraphs discussing express and implied false certifications.  The government contends that the references to certifications and conditions of payment is confusing and unnecessary.  Here, any claims tainted by kickbacks are per se false.  *See United States ex rel. Lutz v. BlueWave Healthcare Consultants, Inc.*, 853 F.3d 131, 135 (4th Cir. 2017).  Thus, the government contends that the jury need not be instructed on the details of the express and implied certifications theories.  Instead, the government contends that its instruction concerning falsity properly states the law.  *See* Gov. Prop. Jury Inst. (#297) at Inst. 4.5; *see also* Defs.' Prop. Jury Inst. #22A.

The government objects to the statement that the False Claims Act's materiality requirement is "rigorous."  As the Court recognized during the pre-trial conference, the government's materiality burden in a False Claims Act action premised on a violation of the Anti-Kickback Statue is minimal.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 22A

On the plaintiffs' claims for violation of the False Claims Act, as to each defendant individually, your verdict must be for the plaintiffs and against the defendant if the plaintiffs proved beyond a reasonable doubt that the defendant violated the Anti-Kickback Statute (as set forth in Instruction No. XX) and also proved all of the following elements by a preponderance of the evidence:

*First,* the defendant knowingly caused a claim for surgery services to be presented to the United States for payment;

*Second,* the claim for payment included items or services resulting from a violation of the Anti-Kickback Statute;

*Third,* the defendant knew that the claim submitted to the United States for payment was false; and

*Fourth,* the false information was material to the United States' decision to pay the claim.

False information is "material" if it had a natural tendency to influence, or is capable of influencing, the representative of the United States to whom the claim was submitted. The statute's materiality requirement is rigorous. It is not sufficient for a finding of materiality merely that the Government would have the option to decline to pay if it knew of the defendant's noncompliance.

Items or services resulting from an Anti-Kickback Statute violation are those items or services for which but for the violations those items or services would not have been part of the claim. Claims which would have still included the items or services without the violation of the Anti-Kickback Statute are not false claims.

If any of the above elements has not been proved by a preponderance of the evidence, or

25

if the plaintiff did not prove beyond a reasonable doubt that the defendant violated the Anti-Kickback Statute (as set forth in Instruction No. XX), your verdict must be for the defendant and you need not proceed further in considering this claim.

**GOVERNMENT'S OBJECTION**

The government objects to this proposed instruction because it fails to provide a clear, accurate and neutral statement of the applicable legal standards and the government's claims in this case.  The government respectfully submits that its proposed instructions Nos. 4.1-4.19 provide a clear, complete, accurate and neutral statement of the applicable legal standards to the claims in this case.

The government again objects to all references in this instruction to the burden of proof being beyond a reasonable doubt or the Anti-Kickback Statue being a criminal statute.  As the Court has repeatedly held, the preponderance of the evidence standard applies to all aspects of this civil case.  *See, e.g.*, Mem. & Order (#387) at 5-6; Order (#87) at 2 (collecting cases); *see also* 31 U.S.C. § 3731(d).  The government asserts that its proposed instruction correctly states the law with respect to the burden of proof.  Gov. Prop. Jury Inst. (#297) at Inst. 3.4.

The government further objects as the paragraph starting "First" misstates the law. The False Claims Act is not only violated when a defendant knowingly causes a claim to be submitted, but also when the defendant him or herself directly submits a claim to the United States.  31 U.S.C. § 3729(a)(1)(A).

The government objects to the use of the terms "knew" and "knowingly" being used in the "First" and "Third" paragraphs without an instruction accurately defining those terms.

The government objects to the statement that the False Claims Act's materiality requirement is "rigorous."  As the Court recognized during the pre-trial conference, the

government's materiality burden in a False Claims Act action premised on a violation of the Anti-Kickback Statue is minimal.

Finally, the government objects to the statement in the second to last paragraph of Defendants' proposed instruction.  This proposed language does not properly state the standard for determining damages, as set forth by the Court in its recent ruling on the parties' Motions in Limine.  Mem. & Order (#387) at 2.  The government asserts that its proposed instruction correctly states the law with respect to the measure of damages.  *See* Gov. Prop. Jury Inst. (#297) at Inst. 7.1.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 23

If you find in favor of the plaintiffs on their claims for violation of the False Claims Act, the measure of the plaintiffs' damages is the amount paid out by reason of the false statements over and above what it would have paid if the claims would have been truthful. Damages cannot be based on the full amount of the Part A or Part B claims.

Proof of damages must establish with reasonable certainty the amount of the plaintiffs' damages where the surgery services were included with other services. The Plaintiffs must present evidence of a reasonable estimate of the amount of payments attributable to the surgery services. Those are the only dollar estimates which can be considered in any damage calculation. Any damages you award must not be speculative or conjectural.

Once you conclude what the reasonable estimate of the amount of billings attributable to the surgery services, you then must subtract the fair market value of the surgery services actually provided.

## GOVERNMENT'S OBJECTION

The government objects that this instruction does not accurately or neutrally state the correct standard for determining damages, as set forth by the Court in its recent ruling on the parties' Motions in Limine.  Mem. & Order (#387) at 2.  The government asserts that its proposed instruction correctly states the law with respect to the measure of damages.  *See* Gov. Prop. Jury Inst. (#297) at Inst. 7.1.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 24

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of  your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should.

But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party.  You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you.  Give the note to the [marshal] [bailiff] [court security officer]  and I will answer you as soon as I can, either in writing or here in court.  While you are  deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions.   Nothing I have said or done was meant to suggest what I  think your verdict should be.  The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. You will take these  forms to

29

the jury room, and when you have all agreed on the verdicts, your foreperson will fill  in the forms, sign and date them,  and tell the [marshal] [bailiff] [court security officer] that  you are ready to return to the  courtroom.

## GOVERNMENT'S RESPONSE

The government does not object to this instruction.  *See* Gov. Prop. Jury Inst. (#297) at Inst. 3.5; *see also* 8th Cir. Civil Jury Instr. § 3.06 (2017).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 25

Fraud is never presumed. It must always be proved beyond a reasonable doubt. You should assume that persons are fair and honest in their dealings until the contrary appears from the evidence. If an event that is called into question is equally capable of two interpretations, one honest and the other fraudulent, it should be found to be honest.

## GOVERNMENT'S OBJECTION

The government asserts that this instruction is not applicable in this case and fails to provide an accurate and neutral description of the applicable standards.  Defendants' proposed instruction is derived from a model instruction designed to be used in federal diversity cases concerning state fraud claims.  The relevant governing law in this case is not any state law, but rather the federal False Claims Act (FCA).  Thus, the government asserts that any instructions concerning fraud be based on the statutory text of the FCA.

Moreover, the government objects to Defendants' modification of the model instruction's language concerning the burden of proof.  The model refers to the typical civil burden; Defendants' have instead used the criminal law burden of proof.  The government objects to all references in this instruction to the burden of proof being beyond a reasonable doubt.  As the Court has repeatedly held, the preponderance of the evidence standard applies to all aspects of this civil case.  *See, e.g.*, Mem. & Order (#387) at 5-6; Order (#87) at 2 (collecting cases); *see also* 31 U.S.C. § 3731(d).  The government asserts that its proposed instruction correctly states the law with respect to the burden of proof.  Gov. Prop. Jury Inst. (#297) at Inst. 3.4.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 26

*Consider Damages Only If Necessary*

You should not interpret the fact that I am giving instructions about the Government's damages as an indication in any way that I believe that the Government should, or should not, win this case. It is your task first to decide whether Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants are liable and that the Government is entitled to recover money from Defendants.

## GOVERNMENT'S OBJECTION

The government objects to this proposed instruction because it improperly seeks to influence the jury's consideration of the evidence.  Instead, the government proposes a neutral statement regarding damages as set forth in its proposed instructions Nos. 7.1-7.3.   The government also respectfully suggests that the first sentence from the Fifth Circuit pattern instruction may be given.  Fifth Cir. Civil Jury Instr. § 15.1 (2016).  As adapted for this case, that sentence would read: "If the government has proven its claim against Defendants by a preponderance of the evidence, you must determine the damages to which the  government is entitled."

## DEFENDANTS' PROPOSED INSTRUCTION NO. 27

The Government has presented evidence that may suggest that Dr. Fonn utilized more spinal implants than some other doctors in Cape Girardeau. To be relevant to the issue of bad intent the statistics must compare the relevant surgeries performed by Dr. Fonn with the qualified pool of physicians performing surgeries on similarly situated patients, that is, patients with the same level of health complications as the patients on whom Dr. Fonn performed surgeries.

## GOVERNMENT'S OBJECTION

The government objects to this instruction in its entirety because it constitutes improper comment upon the evidence in an attempt to unfairly sway the jury's determination of liability. Moreover, the instruction is based upon an incorrect premise, and thus would mislead the jury. The government has not presented any evidence comparing Dr. Fonn to any other surgeons. Instead, as discussed during repeated conferences with the Court and parties, the government has merely presented evidence concerning the number or cost of Dr. Fonn's implants.  That evidence goes to the issues of remuneration, the alleged conspiracy, and the parties' motives.  As a result, this instruction is unnecessary, inaccurate, unhelpful and misleading.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 28

Certain witnesses have testified that in their observations, Dr. Fonn utilized more spinal implants than other doctors of whom they are aware. There is no allegation that Dr. Fonn performed any medically unnecessary surgeries and there are no allegations that he utilized more spinal implants than medically necessary. Therefore, you must assume that each of Dr. Fonn's surgeries were in fact medically necessary and that the number of spinal implants he used for each surgery was also medically necessary.

## GOVERNMENT'S OBJECTION

The government objects to this instruction in its entirety because it constitutes improper comment upon the evidence in an attempt to unfairly sway the jury's determination of liability. Moreover, the instruction is based upon an incorrect premise, and thus would mislead the jury. The government has not presented any evidence comparing Dr. Fonn to any other surgeons. Instead, as discussed during repeated conferences with the Court and parties, the government has merely presented evidence concerning the number or cost of Dr. Fonn's implants.  That evidence goes to the issues of remuneration, the alleged conspiracy, and the parties' motives.  Moreover, just because there is no allegation that Dr. Fonn used more implants than medically necessary, it does not follow that the jury must assume that each of Dr. Fonn's surgeries were in fact medically necessary or that the number of spinal implants he used were also medically necessary.  As a result, this instruction is unnecessary, inaccurate, unhelpful and misleading.

## DEFENDANT'S VERDICT FORM

The government objects to Defendants' proposed verdict form.  It is not necessary to ask the jury to render a verdict as to both the Anti-Kickback Statute (AKS) violation as well as the False Claims Act (FCA) violation.  The government has only alleged violations of the FCA; it has not independently alleged a violation of the AKS.  Moreover, the instructions should make clear that a FCA verdict can only be rendered if there has in fact been a violation of the AKS.  Thus, asking two separate questions is unnecessary and duplicative.

Defendants' proposal also ignores the three different and alternative allegations presented by the government: (1) Defendants violated the AKS when Ms. Seeger and DS Medical provided and offered remuneration to Dr. Fonn and Midwest Neurosurgeons in exchange for referrals; (2) Defendants violated the AKS when they solicited or received remuneration from spinal implant manufacturers Amedica and Verticor; and (3) Defendants' conspired to violate the AKS.  Each of these are separate and alternative theories of how Defendants violated the AKS, and thus the FCA.  The jury could find for the government under one theory, but not the others (or, find for the government as against a particular Defendant on one theory, but not all Defendants).  Thus, the government believes any verdict form must include a breakdown of the various counts as alleged by the government.

The government further contends that the verdict form must ask the jury, if it concludes there has been a violation of the FCA, to determine how many false claims were submitted.  Although the Court determines the penalty for each false claim submitted, the jury determines how many false claims were in fact submitted.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

CARRIE COSTANTIN
Attorney for the United States
Acting Under Authority
Conferred by 28 U.S.C. § 515


/s/ Andrew J. Lay
Andrew J. Lay #39937MO
Suzanne J. Moore #45321MO
Gilbert Sison #52346MO
Assistant United States Attorneys
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

Michael D. Granston
Tracy L. Hilmer
John K. Henebery
Diana K. Cieslak
Attorneys
Civil Division, Fraud Section
PO Box 261
Ben Franklin Station
Washington, DC 20044
(202) 353-1336

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Matthew T. Schelp
Matthew P. Diehr
Husch Blackwell
*Attorneys for Relators*

James Martin
Dowd Bennett
*Attorney for Dr. Fonn and Midwest Neurosurgeons*

Sandy Boxerman
Capes Sokol
*Attorney for Deborah Seeger and DS Medical*

_____/s/ Diana K. Cieslak_____