UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. PAUL CAIRNS, et al., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 1:12CV00004 AGF ) |
| D.S. MEDICAL, L.L.C., et al., | ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

This qui tam action under the federal False Claims Act ("FCA") is now before the Court on two oral motion made in open court on the record by Defendants at the close of the evidence: (1) motion for judgment as a matter of law against Plaintiff (ECF No. 409); and (2) motion for judgment as a matter of law against Plaintiff with respect to 24 claims submitted to Medicaid for reimbursement (ECF No. 426). The motions were argued in open court, and written briefs were subsequently submitted. For the reasons set forth below, both motions will be denied.

> The standard to be applied to a motion for judgment as a matter of law is
>
> whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. In ruling on a motion for [judgment as a matter of law], the court should review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party, without making credibility determinations or weighing the evidence.

*Tatum v. City of Berkeley*, 408 F.3d 543, 549 (8th Cir. 2005) (citations omitted).

In this case, Plaintiff alleges that Defendants violated the FCA by submitting, or causing to be submitted (and/or conspiring to do so), false claims to Medicare and Medicaid for reimbursement for Defendant Dr. Sonjay Fonn's services in performing 228 spinal surgeries at St. Francis Medical Center ("SFMC") between December 2008 and March 2012, and for the cost of implant devices used in each of those surgeries. The claims for reimbursement were allegedly false because they were based on alleged kickbacks involving the implant devices, in violation of the federal Anti-Kickback Statute ("AKS").

With respect to the second motion noted above, Defendants argue that there was no evidence that Medicaid was "billed" for the implant devices for 24 of the 55 surgeries for which Medicaid claims were paid. Defendants rely on the fact that Plaintiff's claims data charts show a revenue code identified as "Supplies/Implants" for 31 of the 55 Medicaid claims at issue, while 24 did not include this revenue code. Defendants urge the Court to reject Plaintiff's proposition that testimony with respect to a Medicaid "bundled per diem rate" for surgeries showed that this rate captured all costs related to the surgeries, including the costs of the implant devices.

While no explanation was given at trial (or in post-trial argument) for why the revenue codes on the claims data charts was different for 31 of the 55 surgeries noted, Defendant Debra Seager has admitted that Defendant D.S. Medical, LLC, was the distributor for at least one implant device used by Dr. Fonn in all of the 228 surgeries, including the 24 at issue. Gov't's Ex. 960. The evidence further shows that claims for those surgeries were submitted to Medicaid for reimbursement. This provides a

2

sufficient evidentiary basis, along with the other evidence at trial, for the jury to conclude that Defendants violated the AKS, and thereby, the FCA, in connection with each of the surgeries.

In support of the first motion noted above, Defendants first argue that Plaintiff did not present any evidence to establish that Defendants' kickback activities were material to Plaintiff's decision to make payment on the Medicare claims submitted by SFMC, under the materiality standard set forth in *Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016), and under the "but for" causation standard (set forth in *Burrage v. United States*, 134 S. Ct. 881 (2014)), that should apply to this case. The Court concludes that the evidence at trial that federal regulators and prosecutors aggressively pursue allegations of improper kickback relationships between physicians and their distributors and vendors for medical devices was sufficient for a jury to find that the Defendants' kickback activities would influence the payment decision made by Medicare for the claims submitted by SFMC, and were therefore material. *See United States v. Luce*, 873 F.3d 999, 1008 (7th Cir. 2017) (noting that the government's actions in beginning disbarment proceeding following its discovery of the FCA defendant's fraud supported a finding of materiality). Indeed, Defendants' own attorney advised Defendants of the substantial risk of enforcement action for any violation.

The Court also rejects Defendants' argument that a "but for" causation standard applies to this case, as discussed more fully at the pretrial conference in addressing Defendants' motion in limine raising this argument. *See id*. at 1011-14 (explaining why

3

a "but for" causation test does not apply in FCA cases, and rather, the proximate causation standard for common law fraud applies). The Court concludes that Plaintiff presented sufficient evidence for a jury to determine that Defendants' actions in submitting, or causing the submission of, false claims were the proximate cause of Plaintiff's loss.

Defendants next argue that Plaintiff failed to produce any evidence that the claims filed by SFMC were indeed false. Specifically, they argue there was no evidence that the SFMC claims contain any representations that they were in compliance with the AKS. This is essentially a legal argument, and one that the Court has ruled on previously in this case, concluding that a Medicare or Medicaid claim for reimbursement that includes items that were obtained in violation of the AKS is false for the purposes of the FCA, and that this is true for claims submitted before the effective date of the 2010 amendment to the AKS, clarifying the law by specifically so stating. Thus, Plaintiff can prevail on its FCA claims without evidence that SFMC made an express false statement in order to obtain the reimbursement funds it sought.[1]

The Court also rejects Defendants' argument with respect to damages for "outlier" and "co-morbidity" components of payments made by Medicare or Medicaid

---

[1] It is questionable whether an implied false-certification theory remains necessary in light of the 2010 amendment to the AKS, a question that *Escobar* had no occasion to address because that case did not involve kickbacks. *United States v. Choudhry*, No. 8:13-CV-2603-T-27AEP, 2017 WL 2591399, at *8 (M.D. Fla. June 14, 2017); *United States ex rel. Lutz v. Blue Eagle Farming, LLC*, 853 F.3d 131, 135 (4th Cir. 2017) (holding that a violation of the AKS "that results in a federal health care payment is a per se false claim").

for some of the 228 surgeries.  Plaintiff presented evidence that all of the surgeries at issue were tainted by an AKS violation.  The Court did not find Defendant's evidence with respect to outliers and/or co-morbidities sufficient to require Plaintiff to attempt to allocate parts of the Medicare and Medicaid payments for the surgeries to outlier or co-morbidity factors.  Moreover, the jury was instructed that the government was not entitled to speculative damages, and presumably rejected Defendants' argument on this matter.

Lastly, the Court rejects Defendants' argument that they are entitled to judgment as a matter of law on Plaintiff's conspiracy claim due to the lack of testimony by any of the manufacturers of the implant devices used by Dr. Fonn that there was anything improper in the relationship between the manufacturers and Defendants.  Such testimony was not required to establish the alleged conspiracy.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' oral motions (ECF Nos. 409 and 426) are **DENIED**.

                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2017.