UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| ex rel. PAUL CAIRNS, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12CV00004 AGF |
| | ) | |
| D.S. MEDICAL, L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This qui tam action under the False Claims Act ("FCA") is before the Court on

the motion of Plaintiff the United States for Entry of Judgement with Treble Damages

and Penalties on Counts II and III of the three-count complaint, following a jury trial

and a verdict by the jury. (ECF No. 429). Defendants oppose the motion. The parties

agree that judgment should be entered in favor of all four Defendants on Count I. For

the reasons set forth below, judgment will be entered in favor of all four Defendants on

Count I. On Count II, Judgment will be entered in favor of two Defendants, and against

two Defendants in the amounts set forth below. Judgment will be entered on Count IV

against all Defendants.

There are four Defendants in this action—two individuals and two limited

liability corporations: Dr. Sonjay Fonn ("Fonn") and Midwest Neurosurgeons, LLC

("Midwest"); and Debra Seeger and D.S. Medical, LLC. Fonn is alleged to be the

single member and agent of Midwest, and Seeger is alleged to be the single member

and agent, of D.S. Medical. The many memoranda and orders issued by the Court in

this case set forth the claims, defenses, and legal and factual issues involved in the case.

Briefly, the Government claimed that Defendants violated the FCA by submitting or

causing to be submitted to the Medicare and Medicaid programs false claims for

reimbursement for Fonn's services in performing spinal surgeries at St. Francis Medical

Center ("SFMC") between December 2008 and March 2012, and for the purchase of

implant devices through D.S. Medical, a distributor of medical devices, used in those

surgeries. The claims for reimbursement were allegedly false because they were the

result of kickbacks that violated the federal criminal Anti-Kickback Statute ("AKS").

The three claims submitted to the jury, corresponding to the three counts of the

complaint, were that:

> (1) Seeger and D.S. Medical gave kickbacks to Fonn and Midwest in exchange for Fonn and Midwest arranging the purchase of spinal implants (used by Fonn in his surgeries) through D.S. Medical;

> (2) all four Defendants solicited or received kickbacks from two implant manufacturers (Amedica and Verticor) in exchange for arranging the purchase of Amedica's and Verticor's products by SFMC, with respect to 53 claims for reimbursement; and

> (3) all four Defendants conspired to violate the FCA by entering into an agreement that involved Defendants soliciting or receiving kickbacks from six implant manufacturers (including Amedica and Verticor) in exchange for arranging the purchase of those companies' products by SFMC, with respect to 223 claims for reimbursement.

The jury was instructed on agency, as follows:

> Two of the Defendants in this case, Midwest Neurosurgeons, LLC and DS Medical, LLC are "limited liability companies." I will refer to these as "LLCs."

2

An LLC acts only through its agents or employees. Any agent or employee of an LLC may bind the LLC by acts or statements made while acting within the scope of the authority delegated to the agent by the LLC, or within the scope of his or her duties as an employee of the LLC.

If you find Ms. Seeger liable and you find she was acting on behalf of, or within the scope of her duties with, DS Medical, you must also find DS Medical liable. If you find Dr. Fonn liable and you find he was acting on behalf of, or within the scope of his duties with, Midwest Neurosurgeons, you must also find Midwest Neurosurgeons liable.

The jury was also instructed on joint and several liability, as follows:

Under the False Claims Act, defendants are jointly and severally liable. That means that the United States can recover the total sum of damages only once from any or all of the Defendants whom you find have violated the False Claims Act. Thus, if you find that the Defendants violated the False Claims Act, you should determine the amount of damages for which each individual Defendant may be responsible as to each question posed in the verdict form. If you find that more than one Defendant is responsible for the same damages, you should not concern yourself with how the damages are apportioned among the Defendants or as to each question on the verdict form; that is the Court's job.

And with respect to the conspiracy claims, the jury was instructed that:

a conspiracy is a kind of "partnership" so that under the law each member is an agent or partner of every other member and each member is bound by or responsible for the acts of every other member done to further their scheme. . . . [and] a person who knowingly, voluntarily and intentionally joins an existing conspiracy becomes responsible for all of the conduct of the coconspirators.

\* \* \*

If liability for conspiracy to violate the False Claims Act is established, each conspirator is liable for each of the acts taken for the purpose of carrying out or carrying forward the agreement or understanding and for damages arising from the conspiracy even if he or she did not personally commit all of the acts that may take place under the conspiracy.

## Counts I and II

On Count I, the jury found in favor of all four Defendants, and judgment can be

entered accordingly.

On Count II, the jury found in favor of Seeger and D.S. Medical; against Fonn in the amount of $101,177.10, and against Midwest in the amount of $6,442.14. This verdict is supported by the evidence, and the parties agree that the $6,442.14 is subsumed by the $101,177.10 (which the parties agree should be $ .60 lower, or $101.176.50). Plaintiff thus asks for entry of judgment of $101,176.50, before any trebling and/or penalties against Fonn and Midwest, jointly and severally, on Count II. Defendants do not independently challenge this. Plaintiff also asserts that, pursuant to 31 U.S.C. §3729(a), the $101,176.50 should be trebled to $303.529.50, and that the Court should assess a statutory penalty of $5,500 against Fonn for each of the five false claims the jury found he submitted or caused to be submitted (for total penalties of $27,500), and a statutory penalty of $5,500 against Midwest for each of the three false claims the jury found it submitted (for total penalties of $16,500).

Section § 3729(a) provides that for each violation of the FCA, a defendant "is liable to the United States Government for a civil penalty of not less than [$5,500] and not more than [$11,000] . . . plus 3 times the amount of damages which the Government sustains because of the act of that person." 31 U.S.C. § 3729(a) (as adjusted for inflation). Defendants argue that trebling is improper because (1) Plaintiff offered no evidence of "but for" causation which is required by the "because of" language in § 3729(a); and (2) only *actual* damages sustained by Plaintiff may be trebled. Defendants contend that means that the fair market value of the surgeries at issue must be subtracted from any pre-treble damages figure, and Plaintiff never argued that any surgeries were

4

not medically necessary.

The Court previously rejected a similar "but for" argument advocated by Defendants in support of their interpretation of the statutory phrase "resulting from" in the AKS.[1]  The Court believes that, similarly, trebling damages is appropriate in an implied-false-certification FCA case such as this, in which the lack of medical necessity was not claimed or proven.  Defendants' supplemental authority on this issue, *Husted v. A. Philip Randolph Inst*., 138 S. Ct. 1833, 2018 WL 2767661 (June 11, 2018), a case seeking injunctive and declaratory relief related to the state's process for removing inactive registrants from the state's registered voter rolls, does not persuade the Court otherwise.  The Court also rejects Defendants' "actual damages" argument against trebling, and will enter judgment on Count II accordingly.

## Count III

The more substantial dispute at this stage of the case relates to the jury's verdict on Count III, claiming conspiracy.  The jury found against all four Defendants on Count III, but awarded $0 damages against Fonn and Seeger, while it awarded damages of $150,000 against Midwest, and damages of $1,652,557.35 against D.S. Medical.   On a chart submitted to the jury listing 228 claims for reimbursement, the jury found, and affirmatively indicated, that all 228 claims listed on the chart were false.  Plaintiff concedes it is only seeking damages and penalties as to the 223 of these claims that were subject to the conspiracy alleged in Count III.  The amount of damages awarded by the

---

[1]    The AKS provides that "a claim that includes items and services resulting from a violation of [the AKS] constitutes a false or fraudulent claim for purposes of [the FCA]." 42 U.S.C. § 1320a-7b(g)

jury on Count III was lower than the total amount that Medicare and Medicaid paid for those 223 claims, which was $5,275,287.29. With respect to the five claims that should not have been included on Chart C, the total amount the government paid was $128,240.61.

The parties differ on what the Court should do with respect to the fact that the jury found all four Defendants liable for conspiracy, but assessed damages only against the LLCs. Plaintiff essentially argues that the damages amount must be assessed against all four Defendants, jointly and severally, consistent with the law and jury instructions on liability of co-conspirators. Defendants contend that judgment should be entered in favor of the individual Defendants, consistent with the jury's award of no damages against the individual Defendants.

A verdict must be read to harmonize the jury's findings and verdicts whenever possible; "where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way." *Corpus v. Bennett*, 430 F.3d 912, 915 (8th Cir. 2005). Where the jury finds a particular quantum of damages, a court "must be certain indeed that the award is contrary to all reason before reversing the jury." *U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, 608 F.3d 871, 905 (D.C. Cir. 2010).

Here, in light of Defendants' arguments at trial, the Court cannot say that the amount of damages awarded by the jury is against all reason. The jury's finding that there were damages associated with the claims resulting from the conspiracy comports with the evidence, arguments, and instructions. Further, Defendants made several arguments to the jury as to why the damages amounts associated with the claims should

6

be substantially reduced. It would perhaps have been better had the verdict form asked the jury to find a single damages amount in Count III, if the jury found liability, but neither party requested that. The jury clearly found all four Defendants liable for a conspiracy to submit 223 false claims for reimbursement. All four Defendants are legally responsible, jointly and severally, for the damages caused by the conspiracy in which they participated.[2] *See Kelsoe v. Fed. Crop Ins. Corp.*, 724 F. Supp. 448, 453 (E.D. Tex. 1988) (holding that an individual who conspired to submit false claims to government was jointly and severally liable for damages assessed against coconspirators under the FCA, although the jury did not assess damages against that party individually).

Several adjustments are called for. First, the Court accepts Defendants' argument that the $150,000 award is included in the $1,652,557.35. Second, Plaintiff concedes that $101,173 must be deducted from its damages award in light of a settlement with SFMC in that amount, for a resulting in an interim total of $1,551,384.35.[3] Third, as there is no way to know whether the jury included any or all of the $128,240.61 associated with the five claims that should not have been on Chart C, the Court will err on the side of caution and reduce the award under Count III by this amount, for an award of $1,423,143.74,

---

[2]   The Court notes that Midwest and D.S. Medical were single-member LLCs and only the entities billed Medicare and Medicaid. In addition, damages is not an element of a FCA claim. *See U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 189 (5th Cir. 2009); *see also U.S. ex rel. Bunk v. Gosselin World Wide Moving, N.V.*, 741 F.3d 390 (4th Cir. 2013) (holding that relators seeking solely civil penalties and not damages enjoy standing to sue under the FCA).

[3]   The Court rejects Plaintiff's argument that this amount should be deducted after trebling, not before.

before trebling. The Court notes that the jury affirmatively indicated that these five

claims were part of the conspiracy, and it was Plaintiff that improperly included the

claims on Chart C; thus it is Plaintiff that should bear the adverse consequences on this

matter. Trebling $1,423,143.74 pursuant to 31 U.S.C. § 3729(a) results in damages of

$4,269,431.22.

The Court agrees with Plaintiff that Plaintiff is entitled to one penalty for each

false claim that was part of the conspiracy. *See U.S. ex rel. Bunk v. Gosselin World Wide*

*Moving, N.V.*, 741 F.3d 390, 406 (4th Cir. 2013). The Court will impose a civil penalty

of $5,500 per each of the 223 false claims, for a total of $1,281,500 in penalties. The

total amount for which the four Defendants are jointly and severally liable under Count

III is $5,495,931.22. *See Kelso*, 724 F. Supp. at 453-54 (holding that coconspirators are

jointly and severally liable under the FCA for statutory civil penalties) (citing cases).

Given the nature of Defendants' conduct here, the Court does not believe that the

trebling of damages in combination with the total penalty violates the Excessive Fines

Clause. *See United States v. Aleff*, 772 F.3d 508, 512-13 (8th Cir. 2014). The damages

under Count II would be duplicative of the damages under Count III. Thus although the

Court will enter judgment on each count, Plaintiff will be limited to recovering

$5,495,931.22.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion (ECF No. 429) for entry of

judgment is **GRANTED in part**, as follows:

Judgment is entered on Count I in favor of Defendants.

Judgment is entered on Court II in favor of Defendants Debra Seeger and D.S. Medical, LLC; and against Defendants Dr. Sonjay Fonn and Midwest Neurosurgeons, LLC, jointly and severally in the amount of $303,529.50.  Civil penalties are assessed against Defendant Dr. Sonjay Fonn in the amount of $27,500, and against Defendant Midwest Neurosurgeons, LLC, in the amount of $16,500.

Judgment is entered on Count III against the four Defendants, jointly and severally, in the amount of $5,495,931.22.

**IT IS FURTHER ORDERED** that on or before October 3, 2018, Plaintiff shall file a notice of its intent to proceed with its claims of payment by mistake and unjust enrichment.

**IT IS FURTHER ORDERED** that on or before October 8, 2018, the parties shall file a proposed schedule for submissions on the question of attorney's fees and costs, and any other matter left for the Court's determination.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 25th day of September, 2018.