UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| ex rel. PAUL CAIRNS, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12CV00004 AGF |
| | ) | |
| D.S. MEDICAL, L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The Court entered judgment in this qui tam action under the False Claims Act ("FCA") on September 25, 2018, in the amount of $5,495,931.22 against D.S. Medical LLC, Midwest Neurosurgeons, LLC, Dr. Sonjay Fonn, and Deborah Seeger, jointly and severally.  The Court thereafter denied Defendants' motions for judgment as a matter of law, for a new trial, and to dismiss.

The matter is now before the Court on Defendants' motion for to stay execution on the judgment pending appeal and for approval of security in the form of a parcel of real property known as The Surgery Center, 65 Doctors Park Circle, Cape Girardeau, Missouri ("Property"), in lieu of a supersedeas bond.  The Court held a telephone conference with the parties on May 19, 2020, regarding this motion and the status of the case.

Defendants assert that the Property is owned by a non-party, Fonn Enterprises, LLC, but that Defendant Dr. Sonjay Fonn owns 100% of Fonn Enterprises,  LLC. Defendants  further assert that the Property has an appraised value of $5.2 million, based

on a July 2019 appraisal attached to their motion, and that the Property has no
encumbrances.  Defendants contend that, although they are able to satisfy the judgment,
their assets are not liquid and are primarily held in real estate and other property that
would have to be sold in order to post a supersedeas bond.[1]

The government and relators oppose the motion on the ground that Defendants'
proposal does not provide adequate security for the full amount of the judgment.  In
particular, the government argues that there is insufficient evidence of the value of the
Property or what it might be worth after any appeal is ultimately resolved; Defendants
have not adequately explained the logistics of their proposal; the Property is not owned
directly by a named party; and even assuming Defendants' appraisal is accurate, the value
of the Property is still less than the principal amount of the judgment.

"At any time after judgment is entered, a party may obtain a stay by providing a
bond or other security.  The stay takes effect when the court approves the bond or other
security and remains in effect for the time specified in the bond or other security."  Fed.
R. Civ. P. 62(b).

The purpose of a bond is to secure a prevailing party from loss resulting from the
stay of execution on the judgment in its favor. *Miami Int'l Realty Co. v. Paynter,* 807
F.2d 871, 873 (10th Cir. 1986).  "[T]here is a presumption in favor of requiring a bond,
and the party seeking [to] dispense with the requirement bears the burden of showing
why a bond should not be required."  *Barfield v. Sho-Me Power Elec. Co-op.*, No. 2:11-

---

[1]     Defendants further note that the government has withheld $400,000 in payments
from Medicare and Medicaid at issue in this litigation, which would also count toward
satisfying any judgment.

CV-04321-NKL, 2015 WL 4159988, at *2 (W.D. Mo. July 9, 2015) (internal quotation marks and citations omitted).

"The general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interests, costs, and damages for delay." *Halbach v. Great-W. Life & Annuity Ins. Co.*, No. 4:05CV022399ERW, 2009 WL 214671, at *1 (E.D. Mo. Jan. 28, 2009). While a district court has discretion to waive the bond requirement or to only require a partial bond, " a full supersedeas bond is the norm." *Id.*

Defendants have not cited, and the Court has not found, any precedent in the Eighth Circuit for accepting real property as security in lieu of a supersedeas bond under Rule 62(b). And from the Court's review, the few district courts in other jurisdictions that have done so have required that the value of the property exceed the judgment amount. *Compare Brooktree Corp. v. Advanced Micro Devices, Inc*., 757 F. Supp. 1101, 1104-05 (S.D. Cal. 1990) ("AMD's request to stay the execution of this judgment without the posting of a supersedeas bond is granted. However, AMD will be required to post real property security with a value of twice the amount of the judgment."), *and Athridge v. Iglesias*, 464 F. Supp. 2d 19, 24 (D.D.C. 2006) (granting the defendants' motion to post real estate holdings as security for the judgment where the value of defendants' real estate holdings exceeded the amount of judgment awarded by more than $1 million)*, with Leevson v. Aqualife USA Inc.,* No. 14CIV6905JBWVMS, 2017 WL 6541766, at *5 (E.D.N.Y. Dec. 8, 2017) (rejecting the defendants' request, which was based on their lack of liquid assets and interest in continuing to operate their businesses, to use a commercial building they owned as collateral in lieu of obtaining a supersedeas bond where the value of the property was equal to the judgment amount), *report and recommendation*

3

*adopted*, No. 14-CV-6905, 2017 WL 6550683 (E.D.N.Y. Dec. 21, 2017).

Even accepting Defendants' assessment of the Property's value, the Property is worth less than the judgment amount here.  Moreover, the collection process with respect to real property is neither simple nor certain to provide the "full and fast relief" that a supersedeas bond would.  *See Leevson*, 2017 WL 6541766, at *4.  Further complicating the process is that the Property is not owned by a named party.  Finally, the Court is not convinced that Defendants' only option to obtain a supersedeas bond is to require Fonn to sell the real property.

For all of these reasons, the Court thus exercises its discretion to deny Defendants' request to use the Property as their form of security under Rule 62.  The Court will set the amount of the supersedeas bond at the principal amount of the judgment, $5,495,931.22, without interest or costs.

However, for the reasons discussed with the parties during the May 19, 2020 telephone conference, and as agreed to by the parties during that conference, the Court will grant a temporary stay of execution on the judgment for a period of 30 days, without requiring Defendants to post a bond, in order to permit the parties to engage in good-faith settlement negotiations.  Absent a settlement or good cause shown, any further stay will require Defendants to post a bond in the above-noted amount.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for to stay execution of the judgment pending appeal and for approval of a supersedeas bond is **GRANTED in part and DENIED in part**, as set forth above.   (ECF No. 494.)

**IT IS FURTHER ORDERED** that execution on the judgment is temporarily

4

stayed until **June 18, 2020**, with no bond requirement, in order to permit the parties to engage in good-faith settlement negotiations.

      **IT IS FURTHER ORDERED** that, no later than **May 22, 2020**, the parties shall file a status report confirming that all parties have agreed to engage in good-faith settlement negotiations.  If Defendants advise that they are unwilling to engage in good-faith settlement negotiations, this Order may be modified accordingly.

      **IT IS FURTHER ORDERED** that, no later than **June 18, 2020**, the parties shall file a status report regarding their settlement negotiations.  Absent a settlement or good cause shown, the temporary stay entered above will be lifted on **June 18, 2020**, and any further stay will require  Defendants to post a supersedeas bond of $5,495,931.22.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of May, 2020.