UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| ex rel. PAUL CAIRNS, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12CV00004 AGF |
| | ) | |
| D.S. MEDICAL, L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

On September 25, 2018, following a jury trial in this qui tam action under the

False Claims Act ("FCA"), the Court entered judgment on Counts I, II, and III of the

government's complaint in intervention.  ECF No. 465.  The Court also ordered the

government to file a notice no later than October 3, 2018, as to whether it intended to

proceed with its two remaining equitable claims, which were not part of the trial: Count

IV (payment under mistake of fact) and Count V (unjust enrichment) of the government's

complaint in intervention.   The government filed such a notice on October 2, 2018 (ECF

No. 466), asking that the Court dismiss those two claims without prejudice, pursuant to

Federal Rule of Civil Procedure 41(a)(2).  Defendants did not oppose the government's

motion.  However, in light of numerous other post-trial filings by the parties, the Court

inadvertently failed to rule on the government's motion.

The Court thereafter denied Defendants' motions for judgment as a matter of law,

for a new trial, and to dismiss.  On July 7, 2020, Defendants filed notices of appeal in the

United States Court of Appeals for the Eighth Circuit.  Defendants also sought to quash

certain abstracts of judgment that the government had filed.  In one such motion to quash, Defendants alerted the Court that it had never dismissed or otherwise disposed of Counts IV and V of the complaint.  The Court held a telephone conference with counsel on August 20, 2020 to discuss this issue and how to proceed.

Under Federal Rule of Civil Procedure 62.1, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

Accordingly, because the case is now on appeal,

**IT IS HEREBY ORDERED** that, pursuant to Federal Rule of Civil Procedure 62.1(a), the Court indicates that if the Eighth Circuit were to remand for the limited purpose of ruling on the government's outstanding and unopposed motion (ECF No. 466) to voluntarily dismiss Counts IV and V of the government's complaint in intervention without prejudice, pursuant Federal Rule of Civil Procedure 41(a)(2), the Court would grant that motion and would dismiss Counts IV and V without prejudice.   In accordance with Federal Rule of Civil Procedure 62.1(b) and Federal Rule of Appellate Procedure 12.1(a), the government is directed to promptly notify the Clerk of the Court of Appeals for the Eighth Circuit.

_____

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of August, 2020.

2