UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ex rel. PAUL CAIRNS, et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> D.S. MEDICAL, L.L.C., et al., ) <br> ) <br> Defendants. ) | Case No. 1:12CV00004 AGF |

### MEMORANDUM AND ORDER

This qui tam action under the False Claims Act ("FCA") is before the Court on three post-judgment motions regarding the abstracts of judgment obtained by the Government and entered by the Clerk of Court pursuant to 28 U.S.C. § 3201. Section 3201, a provision of the Federal Debt Collection Procedures Act ("FDCPA"), provides that:

> A judgment in a civil action shall create a lien on all real property of a judgment debtor on filing a certified copy of the abstract of the judgment in the manner in which a notice of tax lien would be filed under paragraphs (1) and (2) of section 6323(f) of the Internal Revenue Code of 1986.

28 U.S.C. § 3201(a).

There are four Defendants in this action—two individuals and two limited liability corporations of which the individuals were alleged to be the single members and agents, respectively: Dr. Sonjay Fonn and Midwest Neurosurgeons, LLC ("Midwest");

and Debra Seeger and D.S. Medical, LLC ("D.S. Medical"). The abstracts of judgment were entered against certain of these Defendants but also against three non-parties affiliated with Defendants. The three non-parties are DS Enterprises, LLC ("DS Enterprises"), Midwest Family Care, LLC ("Midwest Family Care") and Fonn Enterprises, LLC ("Fonn Enterprises") (collectively, "Movants").

Movants have moved to intervene in this action, pursuant to Federal Rule of Civil Procedure 24 for the limited purpose of seeking to quash the abstracts of judgment entered against them, and have also moved to quash those abstracts of judgment. ECF Nos. 560 & 561. Defendants have separately moved to quash all of the abstracts of judgments on the ground that they were prematurely filed. ECF No. 562. For the reasons set forth below, the Court will grant Movants' motions and deny Defendants' motion.

## BACKGROUND

This case was submitted to a jury on three claims, corresponding to the three counts of the Government's complaint in intervention. The claims were that:

> (1) Seeger and D.S. Medical gave kickbacks to Fonn and Midwest in exchange for Fonn and Midwest arranging the purchase of spinal implants (used by Fonn in his surgeries) through D.S. Medical;
>
> (2) all four Defendants solicited or received kickbacks from two implant manufacturers in exchange for arranging the purchase of the manufacturers' products, with respect to 53 claims for reimbursement; and
>
> (3) all four Defendants conspired to violate the FCA by entering into an agreement that involved Defendants soliciting or receiving kickbacks from six implant manufacturers (including the two referenced in Count 2) in exchange for arranging the purchase of those companies' products, with respect to 223 claims for reimbursement.

Based on the jury's verdict and the parties' numerous post-trial motions, the Court

entered judgment on September 25, 2018, as follows: Count I in favor of Defendants; Count II in favor of Defendants Seeger and D.S. Medical; and against Defendants Fonn and Midwest, jointly and severally, in the amount of $303,529.50, with civil penalties assessed against Fonn in the amount of $27,500, and against Midwest in the amount of $16,500; and Count III against the four Defendants, jointly and severally, in the amount of $5,495,931.22. *See* ECF No. 465.

The Court also ordered the Government to file a notice no later than October 3, 2018, as to whether it intended to proceed with its two remaining equitable claims, which were not part of the trial: Count IV (payment under mistake of fact) and Count V (unjust enrichment) of the Government's complaint in intervention. The Government filed such a notice on October 2, 2018 (ECF No. 466), asking that the Court dismiss those two claims without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendants did not oppose the Government's motion. However, in light of numerous other post-trial filings by the parties, the Court inadvertently failed to rule on the Government's motion.

On June 30, 2020, the Government filed numerous abstracts of judgment, which were signed and entered by the Clerk of Court the same day. *See* ECF Nos. 527-558. Certain of these abstracts of judgment were entered against Movants as "nominees" of Defendants. *See* ECF Nos. 548-558.

On July 7, 2020, Defendants filed notices of appeal in the United States Court of Appeals for the Eighth Circuit. While the case was pending on appeal, Movants filed the instant motion to intervene as a matter of right or, alternatively, permissively for the

3

limited purpose of protecting their property interests by seeking to quash the abstracts of judgment entered against them. Movants also moved to quash those abstracts of judgment, arguing that "while certain of the defendants named in the instant action may have direct or indirect membership interests in Movants, such defendants have no right or interest in any real property owned by Movants." ECF No. 561-1 at 4. Thus, Movants argued that § 3201 does not permit any abstract of judgment to be entered against them.

Separately, Defendants moved to quash the abstracts of judgment on the ground that they were prematurely filed as no final judgment was entered in this case in light of the outstanding equitable claims that were still pending.

The Government has opposed all three motions. In its opposition to Movants' motion to intervene, the Government argued that intervention is not warranted under Rule 24 because Movants "were not directly involved in the spinal surgeries or Medicare and Medicaid program payments that were at issue in this case," "the real estate that the Movants[] have title to was not the subject of this False Claims Act case," and Movants' interests are adequately represented by Defendants, given Fonn's and Seeger's close connections to and interests in Movants. ECF No. 567 at 1-2. The Government further argued that Movants should not be permitted to intervene because the law firm representing Movants on this motion is Thompson Coburn LLP, and a partner of that firm testified as a witness at trial, creating a conflict of interest.

Alternatively, the Government argued that, if Movants were permitted to intervene, their motion to quash should be denied. The Government argued that § 3201 should be read to permit enforcement of a judgment lien against property held by third

4

parties as "nominees" of the judgment debtor.  The Government contended that Movants should be considered nominees, or alter egos, of Defendants because Defendants' own filings, such as Defendants' motion for a stay pending appeal, represented that Fonn and Seeger owned or controlled the Movants' properties and because the evidence at trial established that Fonn and Seeger did not operate their various LLCs with formality.  The Government further contended that the FDCPA has a broad reach, including permitting the Government to void fraudulent transfers of assets by named parties to non-parties, and as such, the Government should be able to place an abstract of judgment—which is merely a lien or a security interest and does not involve the immediate seizure of property—on Movants' property.

As to Defendants' motion to quash, the Government argued that the Court's September 25, 2018 Memorandum and Order entering judgment on Counts I, II, and III should be considered a final judgment in light of the procedural history of this case.

After the instant motions were briefed, the Court held a telephone conference with counsel to discuss the Government's outstanding equitable claims, Counts IV and V.  The Court thereafter issued an Order, pursuant to Federal Rule of Civil Procedure 62.1(a), indicating that if the Eighth Circuit were to remand for the limited purpose of allowing the Court to rule on the Government's outstanding and unopposed motion to voluntarily dismiss Counts IV and V, the Court would grant that motion.  ECF No. 573.  On September 1, 2020, the Eighth Circuit granted such a limited remand, ECF No. 574, and the next day, the Court granted the Government's motion and dismissed Counts IV and V without prejudice, ECF No. 575.

## DISCUSSION

As an initial matter, the Court notes that, although Defendants have filed notices of appeal divesting the Court jurisdiction over the matters on appeal, the Court "retains jurisdiction to the extent necessary to enforce its judgment which has not been stayed." *In re Grand Jury Subpoenas Duces Tecum*, 85 F.3d 372, 375–76 (8th Cir. 1996).

**Movants' Motion to Intervene**

Under Federal Rule of Civil Procedure 24(a)(2), a party is entitled to intervene as of right if (1) it has a cognizable interest in the subject matter of the litigation; (2) the interest may be impaired as a result of the litigation; and (3) the interest is not adequately protected by the existing parties to the litigation.  Fed. R. Civ. P. 24(a)(2).  Rule 24(b) permits the court to grant intervention upon a timely motion to intervene when the applicant has a question of law or fact in common with the underlying litigation.  Fed. R. Civ. P. 24(b)(1)(B).  Whether to grant permissive intervention rests within the court's discretion.  *S.D. ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003).  "Rule 24 should be construed liberally, with all doubts resolved in favor of the proposed intervenor."  *Nat'l Parks Conservation Ass'n v. U.S. E.P.A.*, 759 F.3d 969, 975 (8th Cir. 2014) (citation omitted).

Here, Movants undisputedly have an interest in the real property that is subject to the abstracts of judgment, the Court does not believe that Defendants adequately represent that interest, and in any event, the Court would permit Movants to intervene under Rule 24(b).  *See United States v. TDC Mgmt. Corp.*, No. 89-1533 (JDB), 2012 WL 13075866, at *4 (D.D.C. July 30, 2012) (granting intervention as a matter of right or,

alternatively, permissively, to a third party that "claim[ed] an interest in what the United States ultimately seeks to garnish" under the FDCPA from the judgment debtor in a FCA case); *Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 671 (8th Cir. 2008) ("[N]othing in Rule 24(a) precludes postjudgment or even post-appeal intervention."); *cf. United States v. Sekendur*, No. 03 C 807, 2015 WL 13861417, at *1-2 (N.D. Ill. Mar. 4, 2015) (denying third party's post-judgment motion to intervene in an FCA case where the only abstracts of judgment entered were against the defendants, and where the United States had not yet initiated any proceedings to attach the third-party's property).

Although the Government notes a potential conflict of interest of Movants' counsel, the Government has not filed a motion to disqualify counsel and has not adequately explained why disqualification of Movants' counsel would preclude Movants' intervention under Rule 24. In any event, the Court agrees with Movants that disqualification would not be warranted here, where counsel's representation is limited to this post-judgment matter largely unrelated to the trial at which a different lawyer in counsel's firm testified. *See* E.D.Mo. L.R. 12.02 (adopting Missouri Rules of Professional Conduct); Mo. R. Prof. Conduct § 4-3.7(b) (permitting a lawyer to act as advocate in trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless the situation poses a conflict of interest to an existing or former client). For these reasons, the Court will grant Movants' motion to intervene.

**Movants' Motion to Quash**

Section 3201(a) provides that "[a] judgment in a civil action shall create a lien on all *real property of a judgment debtor* on filing a certified copy of the abstract of the

judgment in the manner in which a notice of tax lien would be filed under paragraphs (1) and (2) of section 6323(f) of the Internal Revenue Code of 1986." 28 U.S.C. § 3201(a) (emphasis added).  The Government admits that Movants are not judgment debtors here. However, the Government argues that judgment liens under § 3201 should also attach to the real property of "nominees" of judgment debtors.  In support of this argument, the Government cites to cases adopting the "nominee" theory for the purpose of federal tax liens pursuant to 26 U.S.C. § 6321.  *See, e.g.*, *Scoville v. United States*, 250 F.3d 1198 (8th Cir. 2001); *Holman v. United States*, 505 F.3d 1060 (10th Cir. 2007).

But the language of § 6321 is much broader than § 3201, extending not just to real property of the taxpayer but to "all property and rights to property, whether real or personal, belonging to [the taxpayer]."  26 U.S.C. § 6321.  And while § 3201 references § 6323 the tax lien statute for the purpose of determining the manner in which the lien should be filed, it does not reference or incorporate the sweeping language of § 6321 for determining the property to which the lien should attach.

For that reason, the only courts to have considered the issue have declined to extend the nominee theory to § 3201.[1]  *See United States v. DeTar*, No. 1:04-CV-749, 2009 WL 2252822, at *4 (W.D. Mich. July 28, 2009) (distinguishing the two lien statutes, and noting that "the government offers no authority, and the Court is not aware of any authority, for the proposition that a *judgment lien* attaches to the real property of a

---

[1]  Although the Government correctly notes that it could reach a third party's assets by proving a fraudulent transfer from the judgment debtor, the Government has not alleged that a fraudulent transfer occurred here.

8

nominee or alter ego of a judgment debtor") (emphasis in original); *United States v. Kotzev*, No. 1:18-CV-1409, 2020 WL 1217153, at *4 (E.D. Va. Mar. 11, 2020) (noting the same, and declining to extend the nominee theory to the judgment lien statute unless the government provided supporting authority).

Moreover, even if this Court were to extend the nominee theory to the judgment lien statute, the Government has not established that Movants are nominees of Defendants. As the Eighth Circuit explained in *Scoville*, "[a] nominee is one who holds bare legal title to property for the benefit of another," and in considering whether a party is a nominee, courts may look for "badges of fraud" such as those applicable to fraudulent conveyance actions. *See Scoville*, 250 F.3d at 1202 (citing factors). Although the Government points to Fonn's and Seeger's representations in their motion to stay that they exercised some control over certain of the properties belonging to Movants, the Government has not provided any evidence of fraud in connection with Movants' acquisition of the property at issue. Nor has the Government offered sufficient evidence to convince the Court that it should disregard corporate form or find that Movants are alter egos of Fonn and Seeger. *See HOK Sport, Inc. v. FC Des Moines, L.C.*, 495 F.3d 927, 935 (8th Cir. 2007) ("Disregarding the entity's corporate form under either the alter ego doctrine or the remedy of piercing the corporate veil is an extraordinary measure that should be reserved for exceptional circumstances."); *see also* Mo. Rev. Stat. § 347.061.1 ("Property transferred to or otherwise acquired by a limited liability company becomes property of the limited liability company. A member has no interest in specific limited liability company property.").

9

For all of these reasons, the Court will grant Movants' motion to quash.

**Defendants' Motion to Quash**

Because the Court has now resolved all claims against all parties, the question of finality raised in Defendants' motion to quash is moot. Defendants have not raised any other ground for quashing the abstracts of judgment. The Court will therefore deny Defendants' motion.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motions of DS Enterprises, LLC, Midwest Family Care, LLC, and Fonn Enterprises, LLC to intervene and to quash the abstracts of judgment obtained against them are both **GRANTED**. ECF Nos. 560 & 561. The abstracts of judgment entered against these parties (ECF Nos. 548 through 558) shall be **QUASHED**.

**IT IS FURTHER ORDERED** that Defendants' motion to quash abstracts of judgment is **DENIED**. ECF No. 562.

*[Signature: Audrey G. Fleissig]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2020.