UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* PAUL CAIRNS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> D.S. MEDICAL, LLC, et al., <br><br> Defendants. | ) ) ) ) ) ) ) Case No. 1:12-CV-00004-LPR ) ) ) ) ) |

**DEFENDANTS' RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE NO. 5:
<u>CIVIL SETTLEMENT AGREEMENT WITH SAINT FRANCIS MEDICAL CENTER</u>**

The Government negotiated a settlement with SFMC on five claims notwithstanding that it alleges there are at least 223 alleged false claims, most of them submitted by SFMC. So, Defendants submit, if the Government is permitted to introduce this settlement, then Defendants must be permitted to address the fact that those are the only five claims for which the Government went after SFMC. This point is directly and highly relevant to the issue of materiality. Under the standard set forth in *Escobar*, the Government's apparent lack of interest in going after SFMC for all the other claims would directly relate to whether those claims would have a material impact on the Government's payment decision.

However, Defendants disagree with the initial premise of this motion. Any settlement between SFMC and the Government is not itself admissible—not only the dollar figure as the Government contends. Such a settlement is irrelevant, and its admission would be unfairly prejudicial by implying that the hospital agreed that something improper had been done. Additionally, and fundamentally, SFMC is not and has never been a co-defendant, which renders

the Government's cited cases inapposite. Thus, evidence of SFMC's settlement is improper and unfairly prejudicial and should be excluded.

The Government argues that to "avoid jury confusion as to why St. Francis is not a party in this action, the fact of the settlement may be disclosed at trial." Doc. 705 at 2. But there is absolutely no reason why the jury would be confused. St. Francis is not nor has ever been a defendant or member of the alleged conspiracy in this case. No allegation within the Complaint suggests SFMC engaged in any improper conduct. The cases the Government cites to support its argument that the fact of the settlement can be disclosed all involve one defendant shifting blame onto another—and where the courts seek to prevent the jury from wondering why that defendant is not in court.[1] In fact, the Government's insertion in its quoted portion of *Belton v. Fibreboard Corp.*, 724 F.2d 500, 505 (5th Cir. 1984) – where the Government added "[third]" to the word party – is highly misleading. *Belton* specifically involved settlements with co-defendants, so while the Government's quote would make it appear it involved third parties, it involved just the opposite. ("The trial court's ruling that the fact of settlement by fifteen co-defendants was admissible did not violate Rule 408 because the evidence was not offered to prove liability or the amount of damages. Because Pittsburgh Corning intended to prove that Belton and Crochet had been exposed to the products of the **other defendants**, the trial court decided that the settlement evidence was necessary for the purpose of explaining why those parties were not in court") (emphasis added). The same misuse by the Government is made of *Kennon v. Slipstreamer, Inc.*,

---

[1] *Belton v. Fibreboard Corp.*, 724 F.2d 500, 505 (5th Cir. 1984) ("Because Pittsburgh Corning intended to prove that Belton and Crochet had been exposed to the products of the **other defendants**, the trial court decided that the settlement evidence was necessary for the purpose of explaining why those parties were not in court"); *Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1070 (5th Cir. 1986) ("In a case such as this one, where the **absence of defendants** [who had settled after jury selection] previously in court might confuse the jury, the district court may, in its discretion, inform the jury of the settlement in order to avoid confusion") (emphases added).

2

794 F.2d 1067, 1070 (5th Cir. 1986), again where the discussion involved settlements by co-defendants that in fact were present at the start of the trial. *See id.* ("In a case such as this one, where the **absence of defendants** [who had settled after jury selection] previously in court might confuse the jury, the district court may, in its discretion, inform the jury of the settlement in order to avoid confusion"). Those cases have no application here.

The Government also curiously cites generally to *Willman v. Wal-Mart Stores E., LP*, 2010 WL 1692312, at *2 (E.D. Mo. Apr. 27, 2010), even though there "the Parties agree[d] that evidence of settlement offers and discussions should be excluded." The Court said it might allow "transcription of contacts between Plaintiff and Defendant's third party claims administrator…if Plaintiff's testimony at trial is inconsistent with the evidence contained in the transcription." *Id.* How such a scenario applies here is beyond Defendants. Dr. Fonn and the hospital were not adverse, so the situation is not remotely analogous. Regardless, the case certainly does not seem to support the Government's argument to admit "the fact of settlement," given that it only considers evidence of actual settlement conversations. Then, the other three cases cited by the Government each excluded any settlement agreement.[2]

---

[2] As set out in the Government's motion Doc. 705 at 3:

> *See also Branch v. Fidelity & Cas. Co. of N.Y.*, 783 F.2d 1289, 1294 (5th Cir. 1986) ("The admission of the settlement agreement [between defendant and a third party] into evidence, and the use made of that evidence, violated both the letter and spirit of Rule 408."); *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1234–35 (7th Cir. 1983) (where plaintiff settled with one defendant, affirming exclusion of settlement agreement in trial against remaining defendants); *United States v. Contra Costa Cnty. Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1980) (holding inadmissible plaintiff's settlement with another defendant of a related claim).

3

The motive for the Government wanting to introduce this settlement is obvious. The Government would like the jury to conclude that if the hospital has acknowledged liability, then some wrong must have been committed by Defendants. Further, the Government offers no reason why Rule 408 should not apply. It attempts to walk what it purports is a fine line between the amount and the fact of the settlement but cites much case law which supports the proposition that no evidence regarding the settlement is admissible at all. *E.g.*, *Branch v. Fid. & Cas. Co. of New York*, 783 F.2d 1289, 1294 (5th Cir. 1986) ("The admission of the [third party] settlement agreement into evidence, and the use made of that evidence, violated both the letter and spirit of Rule 408."). There is no difference—especially in the jury's eyes—between admission of the fact of settlement and admission of the settlement agreement into evidence, as the Governments desires here. The "line" between the two does not exist.

Finally, Defendants point out that should such evidence ever be admissible, then Defendants would be permitted to solicit testimony about how the hospital felt threatened into the resolution, and that the threats came from the Government attorneys. Such a diversion from the real issues in this case is simply unnecessary.

Dated: January 30, 2023

Respectfully submitted,

DOWD BENNETT LLP

By: */s/ James G. Martin*
James G. Martin #33586MO
Edward L. Dowd, Jr., #28785MO
James F. Bennett, #46826MO
Robert F. Epperson, Jr., #46430MO
James B. Martin, #70219MO
7676 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
314/889-7300 (Telephone)
314/863-2111 (Facsimile)
jmartin@dowdbennett.com
edowd@dowdbennett.com
jbennett@dowdbennett.com
repperson@dowdbennett.com
jbmartin@dowdbennett.com

and

THE LIMBAUGH FIRM

By: */s/ Curtis O. Poore*
Curtis O. Poore #38067MO
407 N. Kingshighway, Suite 400
P.O. Box 1150
Cape Girardeau, MO 63702-1150
573/335-3316 (Telephone)
573/335-0621 (Facsimile)
curt@limbaughlaw.com

*Attorneys for Defendants Sonjay Fonn, D.O. and Midwest Neurosurgeons, LLC*

                    CAPES, SOKOL, GOODMAN & SARACHAN, P.C.

                    By: */s/ Sanford J. Boxerman*
                         Sanford J. Boxerman #37436MO
                         8182 Maryland Ave., 15th Floor
                         St. Louis, MO 63105
                         314/505-5470 (Telephone)
                         314/505-5471 (Facsimile)
                         boxerman@capessokol.com

                  *Attorney for Deborah Seeger and D.S. Medical, L.L.C.*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on January 30, 2023, a copy of the foregoing was filed electronically via this Court's CM/ECF system, and therefore served on all parties of record.

                                                      */s/ James G. Martin*